J. ALEXANDRA RHIM (SBN 180636)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, CA  91436
Telephone:  (818) 501-3800
Facsimile:  (818) 501-2985

Attorneys for Bank of America, N.A. and
Banc of America Leasing & Capital

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CORE SUPPLEMENT TECHNOLOGY, INC.,<br>a California corporation,<br><br>        Debtor and Debtor in<br>        possession. | Case No:  17-06078-MM11<br><br>Chapter 11<br><br>**OPPOSITION BY BANK OF AMERICA, N.A. TO "SECOND AMENDED FIRST DAY MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND INVENTORY"; AND RESERVATION OF RIGHTS; DECLARATION OF J. ALEXANDRA RHIM IN SUPPORT THEREOF**<br><br><u>Hearing Date:</u><br>DATE:    December 20, 2017<br>TIME:    2:00 p.m.<br>PLACE:  Dept. 1; Room 218 |

     Bank of America, N.A. (the "Bank") and Banc of America Leasing & Capital ("Banc Leasing" together with the Bank shall be referred to as the "Bank Parties") hereby submit this opposition to the Second Amended First Day Motion for Interim Order Authorizing Use of Cash Collateral and Inventory (the "Motion") filed by the above-captioned debtor (the "Debtor").  The Bank Parties also reserve all rights to further respond to the Debtor's cash collateral reconciliation report and belated monthly operating reports due on December 18, 2017 pursuant to the Court's instructions.

/ / /

**PRELIMINARY STATEMENT**

The Bank is unable to consent to use of cash collateral as the Debtor has failed to demonstrate that the Bank will be adequately protected as required by Section 363(p)(1). In fact, there is a conspicuous absence of information in this case. Not a single monthly operating report has been filed. The status report filed on December 13, 2017 provides no meaningful information regarding the Debtor's operations or sale efforts. What is alarming is that the Debtor has failed to advise the Court regarding the actual status of its operations, negotiations regarding a potential sale of assets, and its exit strategy, if any.

The Bank is aware that the Debtor has received two offers for the purchase of its assets. However, there is no indication that the Debtor is diligently pursuing such offers or otherwise marketing its assets for sale. To the contrary, the Debtor has admitted to having ***"loaned out"*** its equipment to a third party (the "Third Party") without court order leading to a cease and desist demand by the Bank. That very Third Party purports to be filling purchase orders for the Debtor while we have no information regarding the arrangement between the Debtor and the Third Party. The Debtor has failed to disclose in its status report regarding such outsourcing. Thus, the Bank is concerned regarding the unauthorized use of equipment and whether this undisclosed arrangement is diminishing asset values and goodwill. The Bank is also concerned whether this arrangement is exclusively benefitting an insider without a benefit to creditors and diverting assets from the estate.

In early October 2017, the Debtor advised that its exit strategy was to pursue a Section 363 sale of assets. As such, at that time the Bank was willing to consent to use of cash collateral based on the terms and conditions set forth in that certain interim order that was previously filed with Court. However, two months have now lapsed with little to no progress on sale efforts. The Debtor has not actively pursued sale efforts or undertaken usual marketing or investigative measures. The Bank's basic inquiries such as proof of funds by the Third Party have remain unanswered. In fact, the Bank is concerned that the Debtor is operating under an undisclosed arrangement that is resulting in the diminution of estate assets. Given these circumstances, cash collateral use cannot be authorized.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

2

OPPOSITION TO AMENDED MOTION FOR INTERIM USE OF CASH COLLATERAL

**FACTUAL BACKGROUND**

**Defaulted Obligations**

1.  The Bank made a loan to the Debtor pursuant to a Loan Agreement, dated October 11, 2016. Pursuant to a Security Agreement, dated October 11, 2016, the loan obligations are secured by a *blanket lien* on substantially all of the debtor's assets. The Bank's security interest is perfected by a duly filed UCC-1 financing statement.

2.  Banc of America Leasing & Capital ("Banc Leasing") provided equipment financing to the Debtor pursuant to a Master Loan and Security Agreement No. 31927-70000 dated October 12, 2016, Equipment Security Note No. 001, dated October 12, 2016[1], Equipment Security Note No. 002, dated December 22, 2016, and duly filed UCC-1 financing statements. Banc Leasing holds a perfect security interest on certain equipment, accounts, general intangibles, deposit accounts, related claims and proceeds of the foregoing as more particularly described in the loan documents.

3.  As of the petition date, the Debtor was indebted as follows: (a) to the Bank in an amount not less than $1,475,089.16 comprised of outstanding principal of $1,474,700.00, and accrued interest of $389.16; and (b) to Banc Leasing in an amount not less than $326,065.98 comprised of outstanding principal of $311,957.07, accrued interest of $1,067.05, recoverable fees of $13,041.86. The Bank Parties' are owed an amount well in excess of $1,801,155 with additional interest accrual and other recoverable fees and costs.

**Bankruptcy Case Status**

4.  On October 3, 2017, the Debtor commenced the above-captioned bankruptcy case under Chapter 11 of Title 11 of the United States Code.

5.  On October 16, 2017, a "Letter of Intent to Purchase Assets" ("LOI") by the Third Party was provided to the Bank. The LOI proposed a purchase of only certain of the Debtor's assets. Accordingly, the Debtor has confirmed that it intends to wind-down its operations and liquidate the

---

[1]  The first page of the note was replaced to correct the commencement date of the "Initial Payment" as set forth in Section 2 therein.

3

OPPOSITION TO AMENDED MOTION FOR INTERIM USE OF CASH COLLATERAL

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

balance of its assets following consummation of a sale transaction. A true and correct copy of the LOI is attached as Exhibit 1 to the Declaration of J. Alexandra Rhim (the "Rhim Decl.").

6.     Based on the purported efforts to pursue a sale transaction, the Bank was willing to consent to use of cash collateral under certain terms and conditions.

7.     In late November 2017, the Bank learned that the Debtor had "loaned out" certain of its equipment to the Third Party who is purporting to fill the Debtor's orders. The Bank also learned of the existence of a second party potentially interested in purchasing the Debtor's assets. That second party contacted the Bank to advise that the Debtor was not responding to its requests to meet or to provide additional information necessary to complete due diligence.

8.     Due to these circumstances, on November 30, 2017, the Bank sent a cease and desist letter to the Third Party; and on December 1, 2017, the Bank sent a letter to the Debtor regarding the unauthorized transfer of the equipment and advising it to conform its conduct as a fiduciary and in accordance with the Bankruptcy Code. True and correct copies of the November 30, 2017 and December 1, 2017 letters are attached, respectively, as Exhibits 2 and 3 to the Rhim Decl.

9.     On December 5, 2017, the Debtor transmitted to the Bank an offer from the Third Party for the purchase of its assets for the purchase price of $1,914,128, which will not result in meaningful proceeds above the Bank's debt. A true and correct copy of the December 5, 2017 purchase offer is attached as Exhibit 4 to the Rhim Decl. The Bank has requested further information regarding the offer such as estimated proceeds and proof of funds. To date, the requested information has inexplicably not been provided. Accordingly, the Bank is unable to ascertain whether the purchase offer is a bona fide proposal.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

OPPOSITION TO AMENDED MOTION FOR INTERIM USE OF CASH COLLATERAL

## ARGUMENT

**A.   The Debtor Has Failed to Meet Its Burden to Show that the Bank will be Adequately Protected Pursuant to Section 363(p)(1).**

**1.   Legal Standard.**

Upon a secured creditor's request, the court must prohibit or condition the use of cash collateral to provide the creditor with adequate protection of its interest. § 363(e). "The trustee has the burden of proof on the issue of adequate protection . . . ." § 363(p)(1); *In re Scottsdale Medical Pavilion*, 159 B.R. 295 (B.A.P. 9th Cir. 1993). In making this showing, a trustee or debtor-in-possession must prove by ***clear and convincing evidence*** that the secured creditor will realize the value of its bargain in light of all the facts and circumstances of the case. *Northern Trust Co. v. Leavell (In re Leavell)*, 56 B.R. 11, 13 (Bankr. S.D. Ill. 1985). The requirement of adequate protection is mandatory. Without the provision of adequate protection, cash collateral cannot be used. *In re Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 ((188); *Martin Chrysler-Plymouth*, 727 F.2d 1017 (11th Cir. 1984).

In *In re Kenny Kar Leasing, Inc.*, 5 B.R. 304 (Bankr. C.D. Cal. 1980), the court looked to the legislative history of § 363(e) to give meaning to "adequate protection." The court noted that § 363(e) is based as much on policy grounds as on Constitutional grounds. Secured creditors should not be deprived of the benefit of their bargain. Though a creditor may not receive his bargain in kind, the purpose of the section is to insure that the secured creditor receives in value essentially what he bargained for." *Id.* at 308 (quoting H.R 95-595 p. 339, U.S. Code Cong. & Admin. News 1978, pp. 5787, 6295).

**2.   There is No Adequate Protection.**

Here, the Debtor cannot meet its burden to show the existence of adequate protection. The Bank's claims exceed $1.8 million and continue to increase with the passage of time. Yet, the Debtor has failed to provide basic information regarding the current status and value of its assets. Further, the Third Party has possession of the Debtor's equipment and appears to be depleting the raw materials. The Debtor is engaged in an undisclosed arrangement with the Third Party which terms and conditions

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

5

1    are unknown including what consideration if any is paid to the Third Party. Thus, it is unknown

2    whether raw materials utilized by the Third Party have in fact been converted to finished goods and

3    the resulting sales, if any.

4         Also problematic is that the Debtor purports since October 2017 that it will seek to sell its

5    assets to the Third Party. No sale related motion has yet been filed. The Bank has also repeatedly

6    asked for information about the sale since early October 2017 and no meaningful information has been

7    provided. The Bank has no way to assess whether the December 5, 2017 purchase offer presented by

8    the Third Party (who is already engaged in an undisclosed arrangement with the Debtor) is a bona fide

9    offer. There is no indication or assurance regarding the Debtor's reorganization strategy. Given these

10    unclear circumstances, the Bank is gravely concerned regarding the status of the Debtor's assets and

11    the propriety of Debtor remaining as a fiduciary.

12    **CONCLUSION**

13         Based on the foregoing, the Bank requests that the Motion be denied. The Bank also reserves

14    all rights to further respond to any additional filings by the Debtor due on December 18, 2017.

15

16    DATED: December 13, 2017          HEMAR, ROUSSO & HEALD, LLP

17

18                              BY: _____

19                                 J. ALEXANDRA RHIM
                             Attorneys for Bank of America, N.A. and

20                                 Banc of America Leasing & Capital

21

22

23

24

25

26

27

28

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

OPPOSITION TO AMENDED MOTION FOR INTERIM USE OF CASH COLLATERAL

**DECLARATION OF J. ALEXANDRA RHIM**

I, J. Alexandra Rhim, declare:

1.      I am an attorney duly licensed to practice law in the State of California.  I am senior counsel with the law firm of Hemar, Rousso & Heald LLP, attorneys of record for BBCN Bank.   I have personal knowledge of the facts stated herein, and if called as a witness, could and would testify competently thereto.

2.      On October 16, 2017, a "Letter of Intent to Purchase Assets" ("LOI") by the Third Party was provided to the Bank.  Following receipt of the LOI, I have asked several times of the Debtor's counsel for additional information regarding the deal terms.  The Debtor through its counsel confirmed that a term sheet would be provided.  The Debtor through its counsel also indicated that the Debtor's intent is to wind-down its operations and liquidate the balance of its assets following consummation of a sale transaction.  A true and correct copy of the LOI is attached hereto as Exhibit 1.

3.      In late November 2017, the Bank learned that the Debtor had "loaned out" certain of its equipment to the Third Party who is purporting to fill the Debtor's orders.  This fact was also confirmed to me by the Debtor's counsel.

4.      On November 30, 2017, I was contacted by Robert Opera, Esq. who represents a second group of potential buyers.  Mr. Opera advised that the Debtor was not responding to requests to meet or provide additional information necessary to complete due diligence.

5.      Due to the circumstances above, on November 30, 2017, I sent a cease and desist letter to the Third Party regarding the unauthorized transfer of the equipment.  On December 1, 2017, I also sent a letter to the Debtor regarding the unauthorized use of the equipment and the Debtor advising it to conform its conduct as a fiduciary and in accordance with the Bankruptcy Code.  True and correct copies of the November 30, 2017 and December 1, 2017 letters are attached hereto as Exhibits 2 and 3.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800

7

OPPOSITION TO AMENDED MOTION FOR INTERIM USE OF CASH COLLATERAL

7.     On December 5, 2017, the Debtor transmitted to the Bank an offer from the Third Party for the purchase of its assets for the purchase price of $1,914,128, which will not result in meaningful proceeds above the Bank's debt. A true and correct copy of the December 5, 2017 purchase offer is attached hereto as <u>Exhibit 4</u>. The Bank has requested further information regarding the offer such as estimated proceeds and proof of funds. To date, the requested information has inexplicably not been provided. Accordingly, the Bank is unable to ascertain whether the purchase offer is a bona fide proposal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of December, 2017 in Encino, California.

/s/ J. Alexandra Rhim
J. Alexandra Rhim

OPPOSITION TO AMENDED MOTION FOR INTERIM USE OF CASH COLLATERAL

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

# EXHIBIT 1

# Simpson Offer Letter

Dear Core Supplement Technology, Inc.,

Simpson Labs would like to make an offer for all Assets and Goodwill owned by Core Supplement Technology.  Simpson Labs understands that because the fluid nature of Core Supplement Technology the final purchase price will adjust, but the percentages offered will remain on the assets available. Based on the figures provided with the understanding further due diligence must be performed Simpson Labs would like to offer a total bid of $1,914,128 for all Core assets.

Core Inventory Offer

$1,291,334 X 40%= $516,533

Inventory must not be expired and must be unusable in a GMP facility.

Core Equipment Offer

$2,038,686 X 30% = $611,605

Equipment must be in working condition or able easily repaired.

Core Receivables Offer

$1,309,983 X 60%= $785,990

Receivables must be within terms.

Eric Simpson

_Eric Simpson_
_____

12/05/17

# EXHIBIT 2

HEMAR, ROUSSO & HEALD, LLP

ATTORNEYS AT LAW

15910 VENTURA BOULEVARD

12TH FLOOR

ENCINO, CALIFORNIA 91436-2829

(818) 501-3800

FAX (818) 501-2985

MARTIN J. ROUSSO
DANIEL A. HEALD
STEPHEN E. JENKINS
WAYNE R. TERRY
JENNIFER W. CRASTZ

ROBERT V. McKENDRICK*
MARTINA RIDER PORTER
SANDRA I. TIBERI*
PETER J. VEIGUELA**
IRWIN M. WITTLIN
RAFFI KHATCHADOURIAN
PAUL N. ANDONIAN*
PAMELA L. COX
WILLIAM J. SEXTON
SUSAN A. GRUSKIN
MARY ANN ROUSSO
GEORGE GOST†
J. ALEXANDRA RHIM
JESSICA MICKELSEN SIMON

*ALSO ADMITTED IN UTAH
*ALSO ADMITTED IN NEVADA
**ALSO ADMITTED IN ILINOIS
†ADMITTED IN COLORADO

RICHARD P. HEMAR
(1944-2016)

IN REPLY REFER TO:

November 30, 2017

**VIA FEDERAL EXPRESS**

Eric Simpson
Simpson Labs
27540 Avenue Mentry
Valencia, CA 91355

      Re:    **Core Supplement Technology, Inc.**
              **U.S.B.C. Case No. 17-06078-MM11**

Dear Mr. Simpson:

      This office represents Bank of America, N.A. ("Lender") in connection with a secured loan made to Core Supplement Technology, Inc. ("Borrower"). Lender holds a first-priority perfected security interest on substantially all assets of Borrower as provided for in our loan documents (the "Collateral").

      Mr. O'Dea recently advised Lender that Borrower had *"loaned out"* certain of its equipment to Simpson Labs ("Simpson") in order to complete orders. Lender was previously unaware of these circumstances and is quite concerned regarding Simpson's unauthorized use of the equipment. The equipment and proceeds constitute the Bank's Collateral and the Bank does not consent to such use or disposition. It also appears that bankruptcy court authority would be required under 11 U.S.C. § 363(c)(1) before Simpson could utilize the equipment, which use does not appear to be within Borrower's ordinary course of business.

      Lender is also concerned regarding the completion of Borrower's orders by Simpson. Such orders and proceeds derived therefrom constitute Lender's Collateral. Thus, we are concerned regarding the status of these orders and disposition of proceeds. To the extent that such assets are being diverted away from Borrower, such act would be in violation of 11 U.S.C. § 362(a) (automatic stay) and § 363(c) (use, sale or lease of property) and Lender's security interest.

HEMAR, ROUSSO & HEALD, LLP
ATTORNEYS AT LAW

November 30, 2017
Page 2

As a result, demand is hereby made that Simpson immediately **CEASE AND DESIST** its unauthorized use of Borrower's equipment and diversion of accounts and proceeds. In the event Simpson has received amounts resulting from Borrower's accounts, Simpson is under an obligation to remit such proceeds to the estate subject to our Lender's security interest.

Please contact my office within **twenty-four hours** to confirm compliance with this letter. Lender reserves all rights. However, we trust that legal action will not be necessary, and that you will act appropriately and in accordance with the legal and contractual rights between the parties.

We also understand from Borrower that Simpson has expressed interest in purchasing the Borrower's assets from the estate. If that is the case, we encourage Simpson and the Borrower to adhere to the requirements under the bankruptcy law and seek court approval of the transaction. However, we also note that, as a matter of law, approval of the transaction will require Lender's consent.

Should you have any questions, or if you would like to discuss this matter further, please contact me.

Sincerely,

HEMAR, ROUSSO & HEALD, LLP

By: _____
    J. ALEXANDRA RHIM

AR/sa

cc:    Bank of America, N.A. (via e-mail)

# EXHIBIT 3

HEMAR, ROUSSO & HEALD, LLP

MARTIN J. ROUSSO
DANIEL A. HEALD
STEPHEN E. JENKINS
WAYNE R. TERRY
JENNIFER W. CRASTZ

ROBERT V. McKENDRICK*
MARTINA RIDER PORTER
SANDRA I. TIBERI§
PETER J. VEIGUELA**
IRWIN M. WITTLIN
RAFFI KHATCHADOURIAN
PAUL N. ANDONIAN§
PAMELA L. COX
WILLIAM J. SEXTON
SUSAN A. GRUSKIN
MARY ANN ROUSSO
GEORGE GOST†
J. ALEXANDRA RHIM
JESSICA MICKELSEN SIMON

ATTORNEYS AT LAW
15910 VENTURA BOULEVARD
12TH FLOOR
ENCINO, CALIFORNIA 91436-2829
(818) 501-3800
FAX (818) 501-2985

*ALSO ADMITTED IN UTAH
§ALSO ADMITTED IN NEVADA
**ALSO ADMITTED IN ILLINOIS
†ADMITTED IN COLORADO

RICHARD P. HEMAR
(1944-2016)

IN REPLY REFER TO:

December 1, 2017

**VIA EMAIL TRANSMISSION**
sch@schinzelaw.com

Stephen C. Hinze
Law Offices of Stephen C. Hinze
217 Civic Center Drive, Suite 10
Vista, CA 92084

      Re:    **Core Supplement Technology, Inc. ("Debtor" or "Borrower")**
           **U.S.B.C. Case No. 17-06078-MM11**

Dear Mr. Hinze:

        I am writing to follow-up on our recent efforts to reach a consensual cash collateral stipulation and the status of the bankruptcy case.

        As I advised during our call on November 28, 2017, Bank of America, N.A. (the "Bank") has endeavored since the early days of the case to obtain information from the Debtor regarding its exit strategy to permit repayment of its debt to the Bank. We have repeatedly asked for such information without a sufficient response. During the call, however, you indicated that your client was making progress and had been providing the Bank with such information. I have learned that your statement is not only untrue but that the Debtor has been steadily engaging in acts causing the diminution in the value of our collateral and harm to all creditors.

        Just days ago, Mr. O'Dea advised the Bank that Borrower had *"loaned out"* certain of its equipment to Simpson Labs ("Simpson") in order to complete orders. The Bank was previously unaware of these circumstances and is quite concerned regarding Simpson's unauthorized use of the equipment. The equipment and proceeds constitute the Bank's collateral and the Bank does <u>not</u> consent to such use or disposition. It also appears that bankruptcy court authority would be required under 11 U.S.C. § 363(c)(1) before Simpson could utilize the equipment, which use does not appear to be within Borrower's ordinary course of business.

H E M A R ,   R O U S S O   &   H E A L D , LLP
ATTORNEYS AT LAW

Page 2

     The Bank is also gravely concerned regarding the status of its collateral, including Borrower's orders and accounts receivable.  Mr. O'Dea advised the Bank that Simpson is completing such orders.  However, such orders, accounts, and proceeds constitute Lender's Collateral.  And, we have no information regarding the collection or disposition of such proceeds.  Specifically, the Bank fears that Simpson is diverting Borrower's orders, accounts and customers.  To the extent that such assets are being diverted, such act would be in violation of, among other things, 11 U.S.C. § 362(a) (automatic stay) and § 363(c) (use, sale or lease of property) and Lender's security interest.  Further, Borrower would be in breach of its fiduciary duties in committing such acts.

     We also learned today that Borrower has refused to cooperate with other potential asset purchasers who have repeatedly sought to meet with you and conduct due diligence.  We were also told that Borrower *falsely* advised these purchasers that it was instructed by the Bank to refrain from engaging in such communication with potential purchasers.  ***The Bank has never issued such instructions.***  To the contrary, we have encouraged Borrower to diligently pursue a transaction (subject to the Bank's consent) that will form its exit strategy.  Therefore, the Bank is alarmed to hear of these circumstances.

     We hereby demand that the Debtor immediately conform its actions in accordance with the Bankruptcy Code and its fiduciary obligations.  The Bank fears that the Debtor has engaged in acts that may have caused irreparable harm to estate assets, which in turn will cause severe prejudice to creditors.  The Debtor appears to be taking action that is personally beneficial to Mr. O'Dea yet detrimental to the estate, which actions includes the "loaning out" of equipment and diversion of estate assets to Simpsons.  You have indicated that Mr. O'Dea seeks future employment with Simpson.  Hence, he is motivated to pursue a transaction with Simpson without consideration of what is beneficial to the estate.  Mr. O'Dea must ***cease and desist*** his self-dealing and self-interested actions.

     Accordingly, please contact my office by no later than 5 p.m. on Monday, December 4, 2017 to discuss the Debtor's further course of action.  Absent a satisfactory resolution, the Bank is prepared to immediately file an emergency motion for appointment of trustee, CRO, conversion, relief from stay and such other applicable relief.

     Please also understand that as counsel for the Debtor, you also owe a fiduciary duty to the estate.  Pursuant to Ninth Circuit authority, counsel who fails to live up to its responsibility facts disallowance of fees and other sanctions.  *In re Perez*, 30 F.3d 1209 (9th Cir. 1994).  Therefore, we request that in your capacity as counsel, you provide the appropriate guidance to the Debtor.

                  Sincerely,

                  HEMAR, ROUSSO & HEALD, LLP

                  By:_____
                      J. ALEXANDRA RHIM

AR/sa
cc:   Bank of America, N.A. (via e-mail)

# EXHIBIT 4

Simpson Labs
27540 Avenue Mentry
Valencia, Ca 91355

## LETTER OF INTENT TO PURCHASE ASSESTS

### 10/16/17

To:  <u>Core Supplement Technology Inc</u>

This Letter of Intent concerns our preliminary negotiations relating to the purchase of assets from Core Supplement Technology Inc,.

### Background

Simpson Labs is a California based manufacture of nutraceuticals and sports nutrition supplements located in the Santa Clarita Valley is interested in purchasing some or all of the assets of Core Supplement Technology Inc.

### I.
### Non-Binding Provisions

The following paragraphs are non-binding provisions upon the parties and are merely designed to set forth the parties expectations and understanding as of the date of this Letter of Intent.

1.    <u>Purchase Price</u>:  Simpson Labs has interest in offering $911,032.00 for assets of Core Supplement Technology Inc. including purchase orders, equipment, raw materials, good will and intellectual property.

2.    <u>Due Diligence</u>:  Upon execution and delivery of this Letter of Intent, Simpson Labs shall provide an asset list and itemized offer within 30 days and closing in less than 60 days.

### II.
### Binding Provisions

Page 1 of 2

Simpson Labs
27540 Avenue Mentry
Valencia, Ca 91355

The following paragraphs are binding provisions upon the parties, the breach of which may give rise to an action for breach of contract.

3.    <u>Non-Disclosure</u>:   Both parties agree to hold in confidence all terms and conditions of this Letter of Intent, except that the parties may disclose documents, materials or information to third parties who are required to know that information for the proper performance of their duties relating to the purchase of the subject stock; provided, however, that the disclosing party notifies all parties to whom such information is disclosed that the information must be kept confidential in accordance with the terms of this provision. Neither party shall issue any press release or general public announcement concerning the terms nor the existence of this Letter of Intent without first obtaining the consent of the other party, except as may be required by law.  Any information which either party provides to the other or the other party's representatives shall be kept confidential and not disclosed to any third party for any reason without the prior written consent of the owner of such information.  It is understood the foregoing obligations of confidentiality shall not apply to any information known by the parties prior to disclosure under this Agreement, generally known to the public, or disclosed to the parties by a third party having a legal right to make such disclosure.

Sincerely,

**Simpson Labs**


_Eric Simpson_
Eric Simpson


10/16/17
Date

**CERTIFICATE OF SERVICE**

1

2        I am employed in the County of Los Angeles, State of California; I am over the age of 18

3  years and am not a party to the within action or proceeding.  I am employed by the law firm of Hemar, Rousso & Heald, LLP, located at 15910 Ventura Blvd., 12th Floor, Encino, CA  91436, Telephone:

4  (818) 501-3800.

5        I am readily familiar with the business's practice for collection and processing of

6  correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of

7  business.

8        On December 13, 2017, I served the foregoing document described as **OPPOSITION BY BANK OF AMERICA, N.A. TO "SECOND AMENDED FIRST DAY MOTION FOR**

9  **INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND INVENTORY"; AND RESERVATION OF RIGHTS; DECLARATION OF J. ALEXANDRA RHIM IN**

10  **SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

11

12                    **SEE ATTACHED MAILING LIST**

13      At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business

14  practices.

15      ___  I caused such copies to be facsimiled to the persons set forth.

16

17      ___  (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18  __XX__  (Federal) I declare under penalty of perjury under the laws of the United States of America that

19  I am employed in the office of a member of the bar of this court at whose direction the service was made.

20
        Executed on December 13, 2017, at Encino, California.

21

22

23                    /s/ *Sanaz Adnani*
                    _____

24                        SANAZ ADNANI

25

26

27

28

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800

# COURT SERVICE LIST

**Debtor**
Core Supplement Technology, Inc.
4645 North Ave
Oceanside, CA 92056

**Debtor's Counsel**
Stephen C. Hinze
Stephen C. Hinze Counselor at Law
217 Civic Center Drive, Suite 10
Vista, CA 92084

**Trustee**
David Ortiz
880 Front Street, Suite 3230
San Diego, CA 92101

**U.S. Trustee**
United States Trustee
Office of the U.S. Trustee
880 Front Street, Suite 3230
San Diego, CA 92101

CERTIFICATE OF SERVICE

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800