Stephen C. Hinze (State Bar No. 131787)
STEPHEN C. HINZE, ATTORNEY AT LAW
217 Civic Center Drive, Suite 10
Vista, CA 92084
Tel:  760-945-9353
Fax: 760-454-2427

Bankruptcy Counsel
Debtor and for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No.: 17-06078-MM11 |
| | Chapter 11 |
| CORE SUPPLEMENT TECHNOLOGY, INC. a California Corporation | STATUS REPORT |
| | Judge:      Hon. Margaret M. Mann |
| Debtor and Debtor in Possession | Dept.:       One, Room 218 |
| | Date:        January 2, 2018 |
| | Time:        3:00 p.m. |

STATUS REPORT

I.    INTRODUCTION

This bankruptcy was filed on October 3, 2017.  The debtor formulates and manufactures nutritional and sports supplements for its own account and to the special order of its customers. Core Supplement Technologies, Inc. is owned by Joseph O'Dea, Robert Baily and Ani Baily Jointly, Harry Kumjian, Andrea Kumjian, and Jacob Hyten by way of sale of shares to him by Robert and Ani Baily.  Joe O'Dea owns 50% of the outstanding shares.

/././

Page 1 of 5

Status Report                                                                                        17-006078-11 MM11

II.     STATUS

    a. <u>Amendment of Petition</u>:

The petition for bankruptcy was amended on December 19, 2017. This amendment added 42 previously unknown unsecured creditors. It also corrected the address of several known creditors who had changed addresses since the Debtor last had dealings with them. In addition to correcting the missing creditor situation the amendment corrected the following mistakes in connection with deposits the debtor originally reported. Originally Schedule A/B reported prepayments as follows:

| | |
|---|---|
| Prepaid taxes | $47,200.00 |
| Prepaid Property Insurance | $8,572.17 |
| Prepaid Insurance | $17,178.17 |
| Prepaid Material | $88,012.64 |
| Deferred Taxes | $80,183.00 |

Prepaid taxes constituted estimated taxes paid in the prior year. This refund has been received and has been deposited in the debtors DIP Bank account.

Prepaid property liability insurance of $8,572.17 was incorrectly reported in the debtor's records. Upon further inquiry it was determined that Property Insurance premium for the year had been financed. This financing is now reported on schedule D-F as an unsecured debt.

Prepaid Insurance of $17,178.17 was originally understood to be a refund due on workers compensation insurance due to reduction in force and lower than expected claims. It was later determined that this was also financing for insurance and this amount has also been reclassified as an unsecured debt.

Prepaid material constituted ingredients ordered from suppliers as of the date of the petition, deposits for which the debtor had placed. Upon filing the payments had been made but the material was not yet delivered. Since the filing the material has been received, incorporated into inventory, WIP and Sales.

Deferred taxes constituted certain tax credits that would be available in the event the Debtor earned income subject to taxation. This is a contingent asset and unlikely to materialize under the current circumstances of this debtor.

The debtor also reported the balance in its Bank of America checking account ending 3646 on the date of filing as $25,660.70 based on its internal records. Upon receipt of its bank statement, the actual balance in the bank account on the petition date was $132,160.35. This error was corrected in the amendment. Consequently the l balances in the Debtor's bank accounts on the petition date were:

| | |
|---|---|
| Bank of America Checking 3646 | $132,160.35 |
| Wells Fargo Checking 8886 | $23,062.83 |
| Wells Fargo Savings   7587 | $2,618.41 |
| Wells Fargo Checking 8229 f/b/o Life Brands, LLC | <u>$649.78</u> |
| Total Cash Deposits | $158,491.37 |

The Debtor paid security deposits totaling $52,730.92 when entering the leases for its two buildings.

1. 4645 North Ave.            $30,000.00
2. 4664 North Ave.            $22,730.92

The lease for 4645 North avenue lapsed in November 2017 and the property is now occupied on a month to month basis for $16,858.00 per month. The lease for 4334 North Avenue expires July 31, 2021. All lease payments are current.

    b. <u>Current Status of Collections</u>:

The Debtor has been diligently collecting accounts receivable. The date of this status report Core has the following funds available through collection:

- $420,000 on deposit in the bank
- $53,000 pending from credit card collections;
- $29,000 checks to deposit

Totaling $502,000.

/./././

     c. <u>Status of Reimbursement of Money Paid To Insider:</u>

     Mr. O'Dea has reimbursed the Debtor all $16,642.00 that was paid to him since the petition for relief was filed.

     d. <u>Motion for use of Cash Collateral</u>:

     The Court raised concerns over the proper service of the Motion for Use of Cash Collateral on all interested parties since the Debtor had discovered so many creditors that had not been listed in the original petition. Upon analysis of the amendment it was determined that one of the 20 largest creditors, Saminchem Inc. 3225 Grapevine, St. Mira Loma, CA 91752 was not notified of the motion. In addition, the landlords holding cash security deposits were not notified. Each of these parties has been served Notice of the Motion and notice of the continued hearing

     Counsel for the Bank of America and Debtor have met and conferred to the extent possible regarding issues of use of cash collateral, replacement liens and adequate protection. Bank's counsel has been limited in ability to negotiate due to the unavailability of key personnel at the bank during the holiday season. No further resolution of this issue has been accomplished as of the date of this report

     Bank's counsel, Debtor's counsel, counsel for the US Trustee, and counsel for different factions among the debtor's board of directors have met and discussed the employment of an Examiner or a Chief Reorganization Officer. The debtor's board of directors has met and approved the investigation and hiring, subject to Court approval, of a Chief Reorganization Officer. Mr. Richard Fefferman has been contacted and approached in this regard. Bank's counsel has participated in these discussions and must report to the Bank of America regarding these discussions. All parties have agreed to seek a brief continuance of the Status Conference, Motion on Use of Cash Collateral and Motion to Employ Mayfield and Bustarde in order to allow the Bank to fully evaluate the pending issue of employing a Chief Reorganization Officer to assist with the efficient and effective marketing and sale of the Debtor and alleviating questions regarding the transparency of disclosures being made to potential buyers.

     e.   Proposed Sale of Business:

Debtor's counsel has been contacted by the Mark Young, the attorney recently engaged by Simpson to assist in its proposal to purchase Core. Mr. Young advises he will be preparing the necessary Asset Purchase Agreement and providing proof of ability to pay. This information will not be available today, but will be provided to the Court and all interested parties in a supplemental report if it is available prior to the Status Conference.

Date:  Wednesday, December 27, 2017                           /S/ Stephen C. Hinze
                                                              Stephen C. Hinze, Attorney for
                                                              Debtor and Debtor in Possession