1  Stephen C. Hinze (State Bar No. 131787)
   STEPHEN C. HINZE, ATTORNEY AT LAW
2  217 Civic Center Drive, Suite 10
3  Vista, CA 92084
   Tel:  760-945-9353
4  Fax: 760-454-2427

5  Bankruptcy Counsel
   for Debtor in Possession
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  IN RE:                                ) Case No.: 17-06078-MM11
                                          )
12                                        ) Chapter 11
                                          )
13  CORE SUPPLEMENT TECHNOLOGY,           ) SUPPLEMENTAL DECLARATION OF
    INC. a California Corporation         ) RICHARD FEFERMAN IN SUPPORT OF
14                                        ) MOTION OF DEBTOR AND DEBTOR-IN-
                                          ) POSSESSION FOR ENTRY OF AN ORDER,
15                                        ) PURSUANT TO SECTIONS 363 AND 105(a)
        Debtor and Debtor in Possession  ) OF THE BANKRUPTCY CODE,
16                                        ) AUTHORIZING AND APPROVING THE
                                          ) DEBTOR'S RETENTION OF RICHARD
17                                        ) FEFERMAN AND CORPORATE
                                          ) RECOVERY ASSOCIATES, LLC AS CHIEF
18                                        ) RESTRUCTURING OFFICER OF THE
                                          ) DEBTOR NUNC PRO TUNC TO
19                                        ) DECEMBER 26, 2017; MEMORANDUM OF
                                          ) POINTS AND AUTHORITIES;
20  _____) DECLARATIONS OF JOSEPH O'DEA AND
                                          ) RICHARD FEFERMAN IN SUPPORT
21                                        ) THEREOF
                                          )
22                                        ) Judge:        Hon. Margaret M. Mann
                                          ) Dept :        1,  Room 218
23                                        ) Hearing Date:  February 1, 2018
                                          ) Time:         2:30 p.m.
24

25

26           **DECLARATION OF RICHARD J.  FEFERMAN**

27       I, Richard J. Feferman, declare and state as follows:

28       1.      The matters set forth herein are within my own personal knowledge, except as to

those matters testified to upon information and believe and, if called upon as a witness, I could

Page **1** of **4**

1   and would competently testify thereto.  As to those matters testified to under information and

2   belief I reasonably believe them to be true and from trustworthy sources.

3       2.      I submit this Supplemental Declaration in support of the Debtor's Motion for

4   Entry of an Order, Pursuant to Sections 363 and 105(a) of the Bankruptcy Code, Authorizing and

5   Approving the Debtor's Retention of Richard J.  Feferman as Chief Restructuring Officer

6   ("CRO") of the Debtor ("Motion").  A true and correct copy of the Engagement Agreement is

7   attached hereto as Exhibit "1" and is incorporated herein by the reference.

8       3.      I am informed and believe that counsel for the United States Trustee ("UST") met

9   and conferred with counsel for the debtor in possession regarding certain provisions of

10  employment in both the Motion (docket #87) and Engagement Agreement attached to my prior

11  Declaration in Support of the Motion (docket #89).

12      4.      The UST's concerns were relayed to me by email.  I reviewed those concerns and

13  by this declaration, agree, notwithstanding anything to the contrary in the Motion, Engagement

14  Agreement and/or supporting declarations, to amend the Engagement Agreement of Corporate

15  Recovery Associates, LLC ("CRA") with Debtor and Debtor in Possession so that it complies

16  with and alleviates all issues raised by the UST, as follows:

17      5.      Additional Disclosure Re: Services of Alan Myers: The UST requested that the

18  services to be performed by Alan Myers be further described to ensure that the services are in

19  support of and ancillary to Mr. Feferman's duties and shown to be neither duplicative nor duties

20  the CRO would ordinarily be expected to perform. In response, I note that the Debtor's former

21  Chief Financial Officer recently resigned and was replaced by the in-house bookkeeper who is

22  unable to fully provide the same of level of support due to personal matters. Mr. Myers is needed

23  to assist the CRO with assessing the problems in the Debtor's accounting department, as well as

24  become familiar with the Debtor's accounting system in order to mitigate disruptions that may

25  occur as a result of the bookkeeper's ill health.  These projects are particularly suited to Mr.

26  Myers who is experienced with accounting systems using software from the Debtor's software

Page **2** of **4**

Supplement Declaration of Richard Feferman Supporting Motion to Retain Chief Restructuring Officer
17-006078-11 MM11

1 vendor. I will personally supervise Mr. Myers and meet with him to assign him his work and to

2 avoid duplication of services.

3      6.    <u>Service by the CRO at the Pleasure of an Independent Board of Directors</u>: The

4 UST noted the Engagement Agreement contained two provisions that limited the Board's ability

5 to exercise its authority under applicable laws regarding employment and removal of the CRO.

6 Specifically, the UST objected to the provisions that a) only permitted the CRO to be removed by

7 Court order upon a finding of "good cause" for termination (Engagement Agreement at page 6);

8 and, b) requiring the Court to break any Board deadlocks (Engagement Agreement at page 7). I,

9 in my capacity as proposed CRO and on behalf of CRA, agree to strike these two provisions from

10 the Engagement Agreement.

11      7.    <u>Indemnity and Hold Harmless Provisions:</u>   The Engagement Agreement contains

12 various indemnity, hold harmless, and limited liability provisions granted to the CRO, CRA and

13 others.  The UST objected to the broad nature of the indemnity, hold harmless, and limited

14 liability provisions. To address the UST's concerns, I in my capacity as proposed CRO and on

15 behalf of CRA, agree to the following modifications to those provisions (notwithstanding

16 anything to the contrary in the Motion, Engagement Agreement and/or supporting declarations):

17 a) the indemnity and hold harmless provisions are hereby limited to cover solely the CRO and

18 Mr. Myers, who will work in support of the CRO; b) language in the Engagement Agreement at

19 ¶1.d. regarding CRA having "no liability to the Debtor for any acts or omissions of the CRO" is

20 stricken; c) the indemnity and hold harmless provisions shall not extend to conduct that is

21 considered either gross negligence or willful misconduct; d) any indemnity provided under the

22 Engagement Agreement is on the same terms and conditions as provided to the Debtor's other

23 officers and directors under the corporate bylaws, applicable state law, and as permitted under the

24 Debtor's D&O insurance policy, and e) D&O insurance coverage offered to the CRO, including

25 any "tail coverage" referenced in ¶8 of the Engagement shall be on the same terms and

26 conditions offered to other officers and directors of the Debtor.

Page **3** of **4**

Supplement Declaration of Richard Feferman Supporting Motion to Retain Chief Restructuring Officer
17-006078-11 MM11

8.      <u>Judicial Review of Compensation Paid and Notice and Opportunity to Object</u>: The UST observed that the Motion at 13: 22-24 provided the CRO and CRA would file monthly reports of tasks performed; but that it was unclear whether those reports included detailed time records and whether the compensation for those services would be subject to judicial review, notice and opportunity to object. The UST requested that any such reports of tasks performed include detailed time sheets of the services performed by the persons providing such services. The UST further requested that all compensation paid to CRA under the Engagement Agreement be subject to Court review, which can be accomplished through a "negative notice" process in the event an objection is filed.  The CRO and CRA agree to the reporting requirements and compensation procedures as outlined by the UST.  All monthly reports of tasks performed and compensation received shall be properly noticed with opportunity to object, and be subject to final approval by the Court in the event of an objection.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 23rd day of January 2018 at San Diego, California.

Richard J. Feferman

Page 4 of 4

Supplement Declaration of Richard Feferman Supporting Motion to Retain Chief Restructuring Officer
17-006078-11 MM11