```
1  Stephen C. Hinze (State Bar No. 131787)
   STEPHEN C. HINZE, ATTORNEY AT LAW
2  217 Civic Center Drive, Suite 10
3  Vista, CA 92084
   Tel:  760-945-9353
4  Fax: 760-454-2427

5  Bankruptcy Counsel
   Debtor and for Debtor in Possession
6
7
8              UNITED STATES BANKRUPTCY COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10
```

| | |
|---|---|
| IN RE: | Case No.: 17-06078-MM11 |
| | Chapter 11 |
| CORE SUPPLEMENT TECHNOLOGY, INC. a California Corporation | DECLARATION OF RICHARD FEFERMAN IN SUPPORT OF ESTIMATED DISTRIBUTION FORCAST |
| Debtor and Debtor in Possession | Judge:   Hon. Margaret M. Mann<br>Dept.:   One, Room 218<br>Date:    March 1, 2018<br>Time:    12:00 Noon |

I, Richard Feferman, declare and state as follows:

I am the Chief Restructuring Officer of Core Supplement Technology, Inc., the debtor and debtor-in-possession in the above-captioned Chapter 11 case ("Debtor"). The matters set forth herein are within my own personal knowledge, except as to those matters stated on information and belief, and as to those, I believe them to be true. If called upon as a witness, I could and would testify competently thereto.

1. I began working with the Debtor on December 26, 2017, reviewing business operations, financial reports, meeting with employees and analyzing business operations.

2. I was formerly appointed Chief Restructuring Officer on February 8th 2018.

3. The Debtor has been unable to achieve profitability and has been unable to adequately fund its accounting department during its existence as a business. Since the bankruptcy was filed the situation has deteriorated due to the loss of support staff. Consequently, reporting of current financial data has been challenging.

4. I have previously reported to the Court that the Debtor has had only a single person in its accounting department. I recently learned that this statement was inaccurate. The accounting department, at times, has assistance with certain accounts payable procedures from a temporary employee who also serves as a receptionist.

5. Since my formal appointment on February 8th, my authorized assistant, Alan Meyers, has been assisting in the accounting department. The accounting department has also used temporary help, however this person's last day is March 2, 2018. The Debtor is searching for a replacement familiar with its accounting software. Other than the temporary employee, the accounting department consists of only one American with Disability Act employee (the "Controller"), who has serious health concerns and has often been unable to perform duties at work because of those health issues. We have made accommodations to address her physical disabilities to the extent possible.

6. At least partially as a result her health issues, the Controller is disorganized, and behind in her work. My staff and I have considered these

circumstances and believe that it would be more difficult to continue without her as she best understands how the information in her office is organized.

7. Reporting of financial data has improved, but the debtor remains reliant on its sole accounting employee for information maintained in her unique and proprietary filing and data storage systems. I am concerned with the timeliness of the data in the Debtor's accounting system; but without the controller the Debtor would lose her historical knowledge.

8. Attached to this Declaration as Exhibit 1 is a Forecast for Cash Distribution at the end of this case based upon the financial data currently available to me.

9. Attached to this Declaration as Exhibit 2 is a two-tier analysis of final distribution based on different scenarios. The first scenario assumes no accommodation by the secured creditors for other creditors; the second scenario assumes some accommodation by the secured creditors for other creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of March 2018 at San Diego, California.

*Richard Feferman*

Exhibit 1

Cash Distribution Forecast

Prepared by Richard Feferman

Forecast of Cash for Distribution

Preliminary Subject to Change

| | |
|---|---:|
| Cash on Hand 2/27/18 | $ 778,360.04 |
| Sale Proceeds | 1,100,000.00 |
| Estimated Commissions on remaining Deposits to be collected | 38,923.00 |
| **Estimated Total Cash and Cash Reciepts** | **$ 1,917,283.04** |
| | |
| **Less Estimated Disbursements** | |
| 401k Wind-up Admin | $ 5,000.00 |
| Customer Prepayments on Open Orders after Commissions | 300,305.60 |
| Equipment Leases and Arrerages | 65,223.44 |
| Insurance | 36,726.22 |
| ISP and Liscenses | 3,500.00 |
| IT and Records Retention | 17,500.00 |
| Merchant Fees and Bank Charges | 3,500.00 |
| Payroll and costs | 151,500.00 |
| Rent | 38,808.00 |
| Restructuring | 50,000.00 |
| Services | 548.00 |
| Simpson / Core Acct Settlement | 97,000.00 |
| Tax returns | 10,000.00 |
| Testing Services | 10,000.00 |
| Unpaid AP | 36,182.51 |
| utilities | 18,550.00 |
| Est costs to Vacate Bld 2 - Move equipment to Bld 1 | 20,000.00 |
| **Total Estimated Disbursements** | **864,343.77** |
| **Estimated Net Available for Distribution** | **$ 1,052,939.27** |

Exhibit 2

Distribution Scenarios

Prepared by Richard Feferman                    Preliminary Analysis of 2 Distribution Scenarios                    Subject to Amendment

| RECOVERABLE ASSETS | No Accomodation | Accomodation |
|---|---:|---:|
| Projected Cash on Hand (in Dip Accounts - March 31, 2018) | $ 1,052,939.27 | $ 1,052,939.27 |
| Office Equipment, Furnishings, and Supplies - 0 recoverable value assumed | | |
| Claims on D&O Policy | UNKOWN | UNKOWN |
| Avoidance Actions | UNKOWN | UNKOWN |
| **Total Assets** | $ 1,052,939.27 | $ 1,052,939.27 |
| **PROPOSED ACCOMODATION** | | |
| Less Accomodation For Administrative Claims (Not including fees subject to Carve Out) | | 158,000.00 |
| Less Accomodation For Benefit of Unsecured Creditors (Could be used for prosecuting avoidance actions and D&O claims) | | 100,000.00 |
| Available for Secured Creditors after Administrative and Unsecured Accomodation | $ 1,052,939.27 | $ 794,939.27 |
| **CLAIMS** | | |
| Secured Claims, subject to challenge. Bank of America (dated 1/31/18 $1,804,996.79 plus per diem of $239.82 est payoff 3/31/2018 = $1,819,146.17 ); Berlin asserts a Proof of Claim in the amount of $240,000; Ally (dated 2/28/18 is $3,368.50 + .50/day est 3/31 = $3,384); Marlin (awaiting Payoff stmt est $5,000). Debtor is reserving all rights to challenge the claims listed above. Estimated Grand Total of Asserted Secured Claims, Subject to Challenge = $2,067,530.17 | $ 2,067,530.17 | $ 2,067,530.17 |
| PERCENT RECOVERY BY SECURED CREDITORS | 51% | 38% |
| Chapter 11 Administrative Claims not covered by carve-out and cash collateral, Subject to Notice and opportunity for objection. Estimate of outstanding Chapter 11 Administrative Claims on March 31, 2018: Stephen Hinze (Debtors Insolvency Counsel $140,000 [Feb 28, 2018 Bal is approx. $89,580.00]); Mayfield Bustarde (Debtor's General Counsel $15,000 [Feb 28, 2018 Bal is approx. $13,000.00]); 503 (b) (9) Claim of vendor $5,000; Corporate Recovery Associates, LLC (employer of Chief Restructuring Officer and permitted Staff Member Alan Myers, CPA [Estimated Outstanding Balance on 2/28/18 $25,000 - Firm's employement order provides for carve-out with cash collateral provision and is not in these figures]). | $ 158,000.00 | $ 158,000.00 |
| PERCENT RECOVERY BY CHAPTER 11 ADMINISTRATIVE CREDITORS | 0% | 100% |
| Scheduled Unsecured Creditors (Priority and General Unsecured - Unreconciled and subject to Challenge) | $ 3,397,186.31 | $ 3,397,186.31 |
| PERCENT RECOVERY BY SCHEDULED UNSECURED CREDITORS | 0% | Cash Dist is approx 3% if money is not used for avoidance actions and D&O claims |