Stephen C. Hinze (State Bar No. 131787)
STEPHEN C. HINZE, ATTORNEY AT LAW APC
217 Civic Center Drive, Suite 10
Vista, CA 92084
Tel: 760-689-0705
Fax: 760-454-2427

Bankruptcy Counsel
for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br><br>CORE SUPPLEMENT TECHNOLOGY, INC. a California Corporation<br><br><br>Debtor and Debtor in Possession<br>_____ | Case No.: 17-06078-MM11<br><br>Chapter 11<br><br>DEBTOR'S REPLY TO BANK OF AMERICA N.A. AND BANC OF AMERICA LEASING OPPOSITION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) SALE FREE AND CLEAR (B) ASSUMPTION OF AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPRIED LEASES AND (C) RELATED RELIEF<br><br>Judge:        Hon. Margaret M. Mann<br>Dept.:        1, Room 218<br>Hearing Date: March 6th, 2018<br>Time:        2:00 p.m. |

CORE SUPPLEMENT TECHNOLOGY, INC. a California Corporation, the debtor and debtor-in-possession in the above-captioned Chapter 11 case ("Debtor"), respectfully submits its Reply to Bank Of America N.A. And Banc Of America Leasing (Bank's) Opposition to Debtors Motion for Entry of (1) Order Approving Stalking Horse, Marketing, and Overbid Procedures, (2) Order

Approving  (A) Sale Free and Clear , (B) Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Related Relief.

## I.        STATED BASIS FOR OBJECTION:

Accounts Receivable; Bank's opposition at Page 4 Line 19 to23.  Under the APA Simpson has no interest in cash proceeds generated from accounts receivable between execution and close of sale.  Those cash proceeds received prior to the close of sale  remain with the debtor, excluding customer deposits for product orders which Simpson will manufacture.

Excluded Cash: Bank's Opposition at Page 4 Line 24, Page 5 Lines 1-3. The Bank's positon is correct.  The Asset Purchase Agreement provides that proceeds collected from accounts receivable up to closing date remain with the Debtor.  Exhibit H pertains to Open Orders.  Those that are closed by Core and result in collections are excluded.  Those orders for which deposits are made but work is not commenced prior to closing are not excluded cash.  The deposits are to transmitted to Simpson less 6% of the total order price, and Simpson will manufacture the product and distribute it.

Equipment: Bank's opposition Page 5 Lines 4-15. Simpson and the Debtor agree to the $50,000 limit proposed by the Bank.  However Simpson needs an assignment of casualty insurance to protect its interest.  Simpson and the Debtor also agree that the Banks requirement that the time limit for the cap of 30 days is reasonable.

Omitted Schedules to APA; Bank's opposition at page 5, lines 16-17. Simpson and the Debtor agree that the requirement is reasonable and will provide the schedules to the Bank.

Purchase Price Allocation; Bank's Opposition at page 5 lines 18 to 25.  The allocation of price to assets has no impact on the creditors.  The allocation reflects

Debtor's Reply to Opposition of Berlin Packaging to Final Sale Hearing          17-006078-11 MM11

the Debtor's obligation to pay sales tax and the cost basis Simpson has in the assets for property tax and depreciation expense.  It does not relate to the actual liquidation value of the property. Simpson believes the Bank's condition that Simpson must return all proceeds for WIP/Orders and Accounts Receivable in excess of the amounts allocated in the agreement to the Bankruptcy Estate unfair unless the Bank agrees to pay Simpson the difference between the amount realized from WIP/Orders and Accounts Receivable falls short of the allocation in the Asset Purchase Agreement.

Deletion of  Interim Operating Agreement:  Bank's opposition page 6, Lines 3-5.  This has been done.

Representations and Warranties: Bank's opposition page 6, Lines 6 to 12. The Debtor's refusal to make warranties was a large contributing factor in the reduction in the purchase price.  The Debtor makes no warranty about ownership, it agrees only to pass its right title and interest in the property. The purchase agreement provides at paragraph 5.2  "At the Closing, Simpson will acquire all of Core's right, title and interest in and to all the Included Assets, free and clear of any liens, claims or encumbrances, as provided in the Bankruptcy Court Order approving the sale."  Passage free and clear of liens is up to the Court.  If this is not approved Simpson has the right to choose to walk away from the transaction.

Post-Closing Deadline; Bank's opposition page 6, Lines 13-14. Simpson and the Debtor agree to a 30 day period proposed by Bank of America.

Procedures for Simpson's Return of Assets; Bank's Opposition page 6 lines 15-20.  Simpson and Core agree to a 48 hour time frame in which to return assets to Core should Simpson not be the prevailing bidder at the sale.

## II.    ARGUMENT

The Debtor and Simpson are entitled to rely on 11 USC 363(f)(5) to allow

Debtor's Reply to Opposition of Berlin Packaging to Final Sale Hearing          17-006078-11 MM11

1   for the sale of this property free and clear of liens.  The Court in <u>Clear Channel</u>
2   <u>Outdoor, Inc. v. Knupfer</u> (In re PW., LLC 391, 25 (9th Cir BAP 2008) analyzed
3   363(f)(5) which allows lien stripping if "such entity could be compelled, in a legal
4   or equitable proceeding, to accept a money satisfaction of such interest."  The
5   Court looked at several scenarios in which a claim might be compelled to be
6   accepted at less than face amount. <u>Id</u>. at 43.The Court concluded that if an entity
7   could be compelled to accept money satisfaction of its interest in a legal or
8   equitable proceeding, the sale could be conducted free and clear of the lien.  <u>Id.</u> at
9   46. The issue is not the amount of money at issue but whether a mechanism exists
10  to address extinguishing the lien without paying it in full. <u>In Re Gulf States Steel,</u>
11  <u>Inc. of Ala</u> 285 B.R. 497, 508 (Bankr. N. D. Ala. 2002) In this case, the creditor
12  could be compelled to accept money for less than the full amount of the lien
13  extinguishing the lien in a state Court declaratory relief action or an action to
14  foreclose on the collateral.  There exists a "mechanism" through which the
15  creditor could be compelled to accept money in less than full satisfaction of its lien
16  and 11 USC 363(f)(5) applies.

17      Of further concern in this case is that failure to complete the sale will
18  irreparably damage all parties concerned.  The real value in this business is the
19  customer orders and good will.  Failure to continue serving the Debtor's customers
20  will devastate the value of the business as Mr. O'Dea ¶ 9and Mr. Simpson ¶3
21  disclose in their respective declarations.  If this occurs the only value left in the
22  company is the used equipment and left over cash, together these assets are less
23  than the current sales price. If the sale goes through the pool of funds available
24  include the sale proceeds and the cash that has been collected over the last several
25  weeks.
26  /././
27

Debtor's Reply to Opposition of Berlin Packaging to Final Sale Hearing          17-006078-11 MM11

**III.        <u>CONCLUSION</u>**

The Debtor and Simpson have responded to each of the Banks reasonable concerns and 11 USC 363(f)(5) applies to allow the sale to go forward free and clear of liens.

Date:  March 5, 2018                    STEPHEN C. HINZE
                                        ATTORNEY AT LAW APC

                                        <u>/s/ Stephen C. Hinze</u>
                                        Stephen C. Hinze, Attorney
                                        for Debtor and Debtor in
                                        Possession

Debtor's Reply to Opposition of Berlin Packaging to Final Sale Hearing            17-006078-11 MM11

## DECLARATION OF ERIC D. SIMPSON

I, ERIC D. SIMPSON, declare as follows:

1.      I am over the age of twenty-one (21) years. I have personal knowledge of all matters stated herein, and if called as a witness could and would testify thereto under oath.

2.      I am the Manager of SIMPSON LABS LLC ("SLL"). SLL is the proposed purchaser of substantially all of the assets of CORE SUPPLEMENT TECHNOLOGY INC. ("Core") pursuant to an Asset Purchase Agreement ("APA"). Core is a debtor-in-possession in a Chapter 11 case, and the sale of Core's assets to SLL is subject to the approval of the Bankruptcy Court. The purchase price proposed in the APA is One Million One Hundred Thousand Dollars ($1,100,000.00).

3.      From the perspective of SLL, the real value of the assets of Core that are proposed to being purchased by SLL lies in the customer base, open orders, work-in-progress, customer base, and goodwill of Core. The equipment that SLL proposes to purchase from Core pursuant to the APA is of no value to SLL separate or apart from the open orders, work-in-progress, customer base, and goodwill of Core (which is also to be purchased by SLL). Core is now effectively shut down. In a short time, the customer base of Core will begin to erode, and the goodwill of Core will start to evaporate quickly. Unless the sale to SLL is approved soon, the erosion of Core's customer base and goodwill will cause SLL to reduce its offer, or even to walk away from the purchase completely.

4.      I understand that Berlin Packaging, LLC ("Berlin") claims to have a security interest in certain equipment owned by Core, which is specifically identified in Berlin's objection to the proposed sale (the "Berlin Equipment"). SLL has reviewed the list of the Berlin Equipment, and SLL is willing to exclude all of the Berlin Equipment from the assets being purchased by SLL pursuant to the APA, so that Core's bankruptcy estate would retain all of the Berlin Equipment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2018 at 27540 Ave mentry   VALENCIA California. 91355

_____
ERIC D. SIMPSON

DONAHOE & YOUNG LLP
25152 Springfield Court, Suite 345
Valencia, California 91355-1081
Telephone (661) 259-9000

1

**DECLARATION OF ERIC D. SIMPSON**