TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

Debtor:     CORE SUPPLEMENT TECHNOLOGY, INC.

Number:   17-06078-MM11

Hearing:   2:00 PM Wednesday, March 21, 2018

Motion:

EMERGENCY MOTION FOR SETTING HEARING (1) APPROVING STALKING HORSE, MARKETING, AND OVERBID PROCEDURES, AND SETTING FINAL HEARING DATE; (2) APPROVING SALE FREE AND CLEAR AND RELATED RELIEF; (3) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019; AND (4) APPROVING ASSUMPTION AN ASSIGNMENT OF CUSTOMER ORDERS FILED BY DEBTOR

**Service**

Debtor has not filed a certificate of service reflecting service of its ex parte motion to shorten time (Doc. 188), its emergency motions setting its sale motion for hearing (Doc. 190 ("Sale Motion")), or its notice of motion or amended notice of motion (Docs. 196 and 197) filed pursuant to the court's March 19, 2018 order shortening time. Neither do any of the declarations Debtor filed in support of these motions include any indication they have been served on relevant parties.

The court's March 19, 2018 order shortening time required Debtor complete service of its notice of motion and motion personally or by electronic method no later than March 19, 2018. LBR 9006-2(a) requires all documents filed with the court indicate the date and manner of service by attaching a written acknowledgment of service by the attorney or authorized individual served or an attorneys' certificate or declaration who mailed or otherwise served the documents. LBR 9006-2(e) provides that if service is made using NEF, the party filing the proof of service must indicate that service was made in that manner. LBR 9006-2(e) explicitly states "The NEF . . . is not a substitute for a Proof of Service."

In its Sale Motion, Debtor states it "will provide notice of this Sale Motion to all parties listed on the Certificate of Service which includes all secured and unsecured parties, all creditors and, to the best of Debtor's knowledge, all parties who have expressed an interest in the Included Assets." The category of parties to be served includes the customers whose contracts are being assumed and assigned, who are not necessarily on the court's service list. Service is required under Bankruptcy Rule 6006 to these parties.

The United States Trustee must advise as to whether conversion or dismissal is the better outcome for creditors in this case.