TENTATIVE RULING

ISSUED BY JUDGE MARGARET M. MANN

Debtor:         CORE SUPPLEMENT TECHNOLOGY, INC.

Number:      17-06078-MM11

Hearing:      2:00 PM Wednesday, March 21, 2018

Motion:

EMERGENCY MOTION FOR SETTING HEARING (1) APPROVING STALKING HORSE, MARKETING, AND OVERBID PROCEDURES, AND SETTING FINAL HEARING DATE; (2) APPROVING SALE FREE AND CLEAR AND RELATED RELIEF; (3) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019; AND (4) APPROVING ASSUMPTION AN ASSIGNMENT OF CUSTOMER ORDERS FILED BY DEBTOR

## Tiger Capital Group, LLC "Liquidation Analysis"

Debtor requested Tiger Capital Group, LLC provide a proposal for liquidating Debtor's assets with an estimate of likely valuation ranges for those assets on the secondary market, Doc. 190, ¶¶ 10-12, which it filed on the docket at Doc. 200. The proposal values the "Simpson Equipment List" at between $375,000 and $750,000, the "Non-Simpson Equipment List" between $140,000 and $200,000, "Leasehold Improvements" at $0, "Accounts Receivable" at $125,000, "Bulk Packaging and Inventory" at between $15,000 and $20,000, and "Life Brands Inventory" between $5,000 and $7,000, for a total value of between $1,102,000 and $524,000.   The court has concerns that must be addressed at the hearing on this analysis.

First, Debtor's description of the values arrived at by Tiger is not the same as what is in Tiger's actual report. For example, the Sale Motion states "Tiger estimates that Core's accounts receivable could be worth approximately $200,000 on the secondary market." Doc. 190, ¶ 11(b). However, in the Tiger proposal the Accounts Receivable are valued at $125,000. Doc. 200, pg. 14. The total value of the asset also differs. "Tiger has estimated that purchase offers for the Included Assets on the secondary market could range from $590,000 on the low end to $1.165 million on the high end." Doc. 190, ¶ 12. However, in its proposal Tiger provides an estimated market value of between $534,00 and $1,102,000. Doc. 200, pg. 14.

Second, despite the court's repeated statements of the need for this information, there is no indication of what the accounts receivable would generate if they were simply collected instead of sold in bulk. There apparently are $971,000 in accounts receivable that were uncollected, much of it current.

**Truing Up of Assets**

This term of the APA needs to be explained. What is the potential impact on the estate?

**Equipment Condition**

Since the equipment inspection incurred on March 3, 2018, the court assumes that the $50,000 adjustment is limited to equipment damaged or lost before that date, and that any deduction in the purchase price is limited to what remains unpaid after insurance?

**Premises**

Debtor and Simpson seem to be sharing the leased premises for a time subject to 15 day termination and sharing the rent. This should be limited to the transition time.