CSD 1001A [11/15/04]

Name, Address, Telephone No. & I.D. No.

Stephen C. Hinze (SBN 131787)
STEPHEN C. HINZE, ATTORNEY AT LAW, A PC
217 Civic Center Drive, Suite 10
Vista, CA 92084
Tele: (760) 689-0705
Fax: (760) 454-2427

Order Entered on March 27, 2018
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

CORE SUPPLEMENT TECHNOLOGY, INC.

Debtor.

BANKRUPTCY NO. 17-06078-MM11

Date of Hearing: 03/21/2018
Time of Hearing: 2:00 p.m.
Name of Judge: Hon. Margaret Mann

# ORDER ON

**EMERGENCY MOTION FOR ENTRY OF ORDER: (1) SETTING FINAL SALE HEARING; (2) APPROVING SALE FREE AND CLEAR AND RELATED RELIEF; (3) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019; AND (4) APPROVING ASSUMPTION AND ASSIGNMENT OF CUSTOMER ORDERS**

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __12__ with exhibits, if any, for a total of __13__ pages, is granted. Motion/Application Docket Entry No. __190__.

//
//
//
//
//
//
//

DATED: March 26, 2018

**NOT APPROVED**

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

Stephen C. Hinze Attorney At Law A PC
(Firm name)

By: /S/ Stephen C. Hinze
Attorney for ☑ Movant ☐ Respondent

CSD 1001A

Case 17-06078-MM11   Filed 03/26/18   Entered 03/27/18 09:13:04   Doc 217   Pg. 2 of 13

CSD 1001A [11/15/04] (Page 2)
ORDER ON EMERGENCY MOTION FOR ENTRY OF ORDER: (1) SETTING FINAL SALE HEARING; (2) APPROVING SALE FREE AND CLEAR AND RELATED RELIEF; (3) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019; AND (4) APPROVING ASSUMPTION AND ASSIGNMENT OF CUSTOMER ORDERS
DEBTOR: CORE SUPPLEMENT TECHNOLOGY, INC.            CASE NO: 17-06078-MM11

The motion of CORE SUPPLEMENT TECHNOLOGY, INC. (the "Debtor") for an Order pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. Rule 6004: (i) approving stalking horse, marketing jand overbid procedures, and setting final sale hearing; (ii) approving sale free and clear and related relief; (iii) approving settlement pursuant to Bankruptcy Rule 9019; and (iv) approving the assumption and assignment of customer orders (collectively, the "Sale Motion") came on for hearing on shortened notice on March 21, 2018.

The following interested parties appeared in Court: (1) Debtor by its attorney Stephen C. Hinze (Joseph O'Dea, the Manager of the Debtor, and Richard Feferman, the Debtor's Chief Restructuring Officer, were also present in Court; (2) Proposed Purchaser SIMPSON LABS, LLC ("Simpson") by its attorney Mark T. Young of Donahoe & Young LLP (Donald Grace, the Executive Vice President of Simpson, was also present in Court); (3) Creditor JOSEPH O'DEA by his counsel Christopher V. Hawkins of Sullivan Hill Lewin Rez & Engel (Mr. O'Dea was also present in Court); (4) Secured Creditors BANK OF AMERICA, N.A. and BANC OF AMERICA LEASING & CAPITAL, LLC (collectively "Bank of America") by their attorney J. Alexandra Rhim of Hemar, Rousso & Heald, LLP; (5) Creditor ROBERT BAILLY by his attorney Robert E. Opera of Winthrop Couchot Golubow Hollander LLP; and (6) THE OFFICE OF THE UNITED STATES TRUSTEE (the "UST") by its staff counsel David Ortiz. In addition to the Court appearances, Debtor also appeared telephonically by its proposed special counsel Mette Kurth and Margaret M. Manning of Fox Rothschild LLP.

All parties in interest now having been heard, or having had the opportunity to be heard, regarding the Sale Motion and the Court having reviewed and considered:

  • the Sale Motion [D.I. No. 190];
  • Motion to Shorten Time for Notice and Hearing on Motion for Entry of Order (1) Approving Stalking Horse, Marketing and Overbid Procedures and Setting Final Hearing: (2) Approving Sale Free and Clear and Related Relief; and (3) Approving Settlement Pursuant to Bankruptcy Rule 9019 [D.I. No. 188];
  • Declaration of Mette H. Kurth in Support of Ex Parte Motion for Order Shortening Time for Notice of Motion for Entry of Order (1) Approving Stalking Horse, Marketing and Overbid Procedures, and Setting Final Hearing; (2) Approving Sale Free and Clear and Related Relief; (3) Approving Settlement Pursuant to Bankruptcy Rule 9019 [D.I. No. 189];

CONTINUED NEX PAGE

- Declaration of Joseph O'Dea in Support of Motion For an Order Approving (A) Sale Free and Clear (B) Assumption of and Assignment of Executory Contracts and Unexpired Leases; and (C) Related Relief [D.I. No. 191];

- Declaration of Donald Grace in Support Emergency Motion for Entry of Order (1) Setting Final Sale Hearing (2) Approving Sale Free and Clear and Related Relief (3) Approving Settlement Pursuant to Bankruptcy Rule 9019; and Approving Assumption and Assignment of Customer Orders [D.I. No. 192];

- Declaration of Richard Feferman in Support of (A) Emergency Motion for Entry of Order: (1) Setting Final Sale Hearing; (2) Approving Sale Free and Clear and Related Relief; (3) Approving Settlement Pursuant to Bankruptcy Rule 9019; And (4) Approving Assumption and Assignment of Customer Orders and (B) Debtors Response to Order to Show Cause [D.I. No. 193];

- Amended Notice of Hearing and Motion with Certificate of Service. Order Shortening Time [D.I. No. 197];

- Notice of Submission of Redline Version of Asset Purchase Agreement [D.I. No. 199];

- Notice of Submission Tiger Capital Group LLC Liquidation Proposal [D.I. No. 200];

- Notice of Submission of Exhibits to Renegotiated Asset Purchase Agreement [D.I. No. 201];

- Proof of Service by Fed Express [D.I. No. 205];

- Proof of Service by US Mail [D.I. No. 206];

- Notice of Submission of Updated Preliminary Analysis of Distribution Scenarios [D.I. No. 208];

- Joinder filed by Berlin Packaging L.L.C. [D.I. No. 209];

- Declaration of Stephen C. Hinze in Support of Motion For an Order Approving (A) Sale Free and Clear (B) Assumption of and Assignment of Executory Contracts and Unexpired Leases; and (C) Related Relief [D.I. No. 210]; and

- Proof of Service by e-mail [D.I. No. 211],

and the arguments of counsel and the evidence adduced at the hearing; and upon the record of hearing and this Chapter 11 case and proceedings, and after due deliberation thereon, and good cause appearing therefor:

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

Signed by Judge Margaret M. Mann March 26, 2018

B.      The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 6004.

C.      Proper, timely, adequate, and sufficient notice of the Sale Motion has been provided by the Debtor in accordance with Sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rule 6004, and the Local Bankruptcy Rules for the Southern District of California. Such notice was good and sufficient and appropriate under the circumstances of this case. No other or further notice of the Sale Motion or of the entry of this Order is necessary or shall be required. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

D.      The assets to be transferred (as delineated in the APA (as defined below)) constitute property of the Estate and title thereto is vested in the Debtor's estate (the "Estate") within the meaning of § 541(a) of the Bankruptcy Code.

E.      The Debtor has demonstrated a sufficient basis and compelling circumstances for it to enter into the Asset Purchase Agreement with Simpson (the "APA"), attached hereto as <u>Exhibit A</u>, and sell the Included Assets (as defined therein) under Section 363 of the Bankruptcy Code, and such action is an appropriate exercise of Debtor's business judgment and in the best interests of the Debtor, its estate and creditors. Such business reasons include, but are not limited to, the facts that (i) there is substantial risk of deterioration of the value of the Included Assets if the sale proposed in the APA ("the Sale Transaction") is not consummated quickly; (ii) the APA constitutes the highest and best offer for the Included Assets; (iii) the APA presents the best opportunity to realize the value of the Included Assets; and (iv) unless the Sale Transaction is concluded as provided for in the Sale Motion and pursuant to the APA, potential creditor recoveries may be substantially diminished.

F.      Despite the Debtor and its professionals marketing the Debtor's assets (including the Included Assets) prior to and following the filing of the Sale Motion, and receiving a bid for the Included Assets and others submitting bids for individual assets, no higher and better offers were received. Consequently, no auction was held and the APA was approved.

G.   The process set forth in the Sale Motion afforded a full and fair opportunity for any entity to make a higher or otherwise better offer to purchase the Included Assets. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Included Assets.

H.   The total consideration provided by Simpson for the Included Assets is the highest and best offer received by the Debtor, and the Purchase Price constitutes reasonably equivalent value under the Bankruptcy Code and fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Included Assets.

I.   The APA and the Sale Transaction have been negotiated by the Debtor and Simpson in good faith, at arm's length and without collusion. The terms and conditions of the APA, including the total consideration to be realized by the Estate pursuant to the APA, are fair and reasonable, and the Sale transaction is in the best interest of the Debtors its creditors and the Estate.

J.   The Debtor and Simpson have not engaged in any conduct that would cause or permit the APA or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code. Simpson is not an "insider" of the Debtor as that term is defined in Section 101(31) of the Bankruptcy Code. Simpson is entitled to all the protections and immunities of Section 363(m) of the Bankruptcy Code. Simpson will be acting in good faith pursuant to Section 363(m) of the Bankruptcy Code in consummating the Sale Transaction at any time on or after entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

K.   Simpson is therefore a "good faith purchaser" entitled to the full benefits and protections of Section 363(m) of the Bankruptcy Code with respect to the purchase and sale of the Included Assets.

L.   The Sale Transaction will be, as of the closing date described in the APA (the "Closing"), a legal, valid and effective transfer of such Included Assets, and will vest Simpson

with all right, title and interest of the Debtor to the Included Assets free and clear of all liens, claims and interests (collectively, the "Liens"), with such Liens to attach to the proceeds derived from the Sale Transaction (the "Sale Proceeds") with the same validity, priority, force and extent as they existed as of the petition date with the Estate reserving all defenses and claims for avoidability, if any, as of the Closing.  Simpson would not enter into the APA to acquire the Included Assets if the sale thereof were not free and clear of all Liens.  A sale of the Included Assets other than on a free and clear basis would adversely impact the Estate, and would yield substantially less value for the Estate, with less certainty than the Sale.  Therefore, the Sale contemplated by the APA is in the best interests of the Debtor, the Estate and creditors, and all other parties in interest.

M. The Debtor may sell and assign the Included Assets free and clear of all Liens because, with respect to each creditor asserting a Lien, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1-5) has been satisfied.  Those holders of Liens who did not object are deemed to have consented to the Sale of the Included Assets to Simpson pursuant to Bankruptcy Code section 363(f)(2).

N. The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code §§ 105(a), 363(b), 363(f), 363(m), and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale as of the Closing.

O. The Sale of the Included Assets outside of a plan of reorganization pursuant to the APA neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors.  The Sale Transaction does not constitute a *sub rosa* Chapter 11 plan.

P. Time is of the essence.  In order to maximize the value of the Included Assets, it is essential that the Sale of the Included Assets occur within the time constraints set forth in the APA.  Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rule 6004(h).

Signed by Judge Margaret M. Mann March 26, 2018

Q. The Sale Transaction contemplated by the APA is in the best interests of the Debtor, the Estate, its creditors, interest holders and all other parties in interest herein.

R. The Offset Settlement (as defined in the Sale Motion) meets the factors to be considered by the Court when determining whether to grant relief pursuant to Fed.R. Bankr. P. Rule 9019. Approval of the Offset Settlement will avoid undue cost and delay to the Estate and is the best interest thereof.

S. Assumption and Assignment of the open Customer Orders (as defined in the Sale Motion) is appropriate in this Chapter 11 Case. Upon Assumption and Assignment, the Estate will have no further liability to the customers and Simpson has a better opportunity to complete the outstanding Customer Orders and, thereby offers better assurance of future performance and adequate protection to the customers. To be clear, the Customer Orders are being assigned by the Debtor but the related deposits will remain with the Debtor, and Simpson will assume all Customer Deposit liabilities.

Therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Sale Motion is GRANTED, subject to the terms and conditions contained herein.

2. Any objections and responses to the Sale Motion that have not been overruled, withdrawn, waived, settled, continued, or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. Notice of the Sale Hearing was fair and equitable under the circumstances and complied with §102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.

4. The APA and the Sale Transaction are hereby approved, and the Debtor is hereby authorized and empowered to enter into, and to perform the obligations under, the APA and to

execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the APA.

5.  Simpson is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under or pursuant to the APA, or any obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order or the APA, as the case may be.

6.  The Sale Transaction as approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

7.  The Debtor is authorized and empowered, at the Closing, to fully perform under, consummate, and implement the terms of the APA together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the APA, this Order, and the Sale Transaction, and to take all further actions as may reasonably be requested by Simpson for the purpose of assigning, transferring, granting, conveying and conferring to Simpson, or reducing to possession any or all of the Included Assets, as may be necessary or appropriate to the performance of the Estate's obligations as contemplated by the APA, without any further corporate action or orders of the Bankruptcy Court.

8.  The Debtor is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units, any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the APA, any related agreements and this Order, and all such other

actions, filings, or recordings as may be required or as the Debtor may determine are necessary or appropriate.

9. Effective as of the Closing, the sale and assignment of the Included Assets by the Debtor to Simpson shall constitute a legal, valid and effective transfer of the Included Assets notwithstanding any requirement for approval or consent by any person and vests Simpson with all right, title and interest of the Estate in and to the Included Assets, free and clear of all Liens, pursuant to section 363(f) of the Bankruptcy Code.

10. Except to the extent specifically provided in the APA, upon the Closing, the Debtor shall be, and hereby is, authorized and empowered, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell and assign the Included Assets to Simpson. The sale and assignment of the Included Assets to Simpson vests Simpson with all right, title and interest of the Estate to the Included Assets free and clear of any and all Liens, whether imposed by agreement, understanding, law, equity or otherwise, with all such Liens to attach to the Sale Proceeds with the same validity, priority, force, and extent as they existed as of the Petition Date.

11. The Sale Proceeds shall be held in a segregated interest-bearing account and shall be disbursed pursuant to further Court order.

12. Following the Closing, no holder of any Lien on the Included Assets may interfere with Simpson's use and enjoyment of the Included Assets based on or related to such Lien and no interested party may take any action to prevent, interfere with or otherwise enjoin consummation of the Sale Transaction. All persons and all holders of Liens based upon or arising out of liabilities retained by the Estate are hereby enjoined from taking any action against Simpson or the Included Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens or liabilities of the Debtor against Simpson or the

Signed by Judge Margaret M. Mann March 26, 2018

Included Assets. For avoidance of doubt, holders of Liens otherwise reserve and retain all other rights to recover against their Liens and liabilities of the Debtor.

13. The provisions of this Order authorizing the sale and assignment of the Included Assets free and clear of Liens shall be self-executing, and neither the Debtor nor Simpson shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

14. All of the Estate's interests in the Included Assets to be acquired by Simpson under the APA shall be, as of and upon the occurrence of the Closing, transferred to and vested in Simpson.

15. Any purchase price reduction related to equipment condition provided for in Section 2.6 of the APA will be adjusted downward in the event a claim was submitted to and paid by any relevant insurance carrier for that equipment and that any such reduction will be capped at $50,000.00.

16. This Order and the APA shall be binding upon, inure to the benefit of and govern the acts of all persons and entities, including without limitation, the Debtor and Simpson, their respective successors and permitted assigns, including, without limitation, or any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Included Assets.

17. The Offset Settlement is hereby approved pursuant to Fed.R.Bankr.P. Rule 9019.

18. The Debtor is hereby authorized to assume and assign Open Customer Orders to Simpson.

19. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted, to the extent necessary, without further order of this court to allow Simpson to deliver any notice provided for in the APA and allow Simpson to take any and all actions permitted under the APA in accordance with the terms and conditions thereof.

20. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the APA in all respects and to decide any disputes concerning this Order, the APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the APA or this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Included Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Included Assets free and clear of all Liens.

DATED this _____ day of March, 2018

_____
Honorable Margaret M. Mann

Approved as to form:

Tiffany L. Carroll
Acting United States Trustee

Hemar, Rousso & Head, LLP.

_____
David Ortiz, Esq.
Attorney for the
Acting United States Trustee

_____
J. Alexandra Rhim, Esq.
Attorney for Bank of America &
Banc of America Leasing & Capital

Donahoe & Young LLP

_____
Mark T. Young, Esq.
Attorney for Simpson Labs, LLC

11

18. The Debtor is hereby authorized to assume and assign Open Customer Orders to Simpson.

19. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted, to the extent necessary, without further order of this court to allow Simpson to deliver any notice provided for in the APA and allow Simpson to take any and all actions permitted under the APA in accordance with the terms and conditions thereof.

20. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the APA in all respects and to decide any disputes concerning this Order, the APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the APA or this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Included Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Included Assets free and clear of all Liens.

DATED this _____ day of March, 2018    _____
                                        Honorable Margaret M. Mann

Approved as to form:

Tiffany L. Carroll                      Hemar, Rousso & Heald, LLP
Acting United States Trustee

                                        _____
_____          J. Alexandra Rhim, Esq.
David Ortiz, Esq.                       Attorney for Bank of America &
Attorney for the                        Banc of America Leasing & Capital
Acting United States Trustee


                                        Donahoe & Young, LLP


                                        _____
                                        Mark T. Young, Esq.
                                        Attorney for Simson Labs, LLC

11

18. The Debtor is hereby authorized to assume and assign Open Customer Orders to Simpson.

19. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted, to the extent necessary, without further order of this court to allow Simpson to deliver any notice provided for in the APA and allow Simpson to take any and all actions permitted under the APA in accordance with the terms and conditions thereof.

20. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the APA in all respects and to decide any disputes concerning this Order, the APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the APA or this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Included Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Included Assets free and clear of all Liens.

DATED this _____ day of March, 2018

_____
Honorable Margaret M. Mann

Approved as to form:

Tiffany L. Carroll
Acting United States Trustee

/s/ David Ortiz
David Ortiz, Esq.
Attorney for the
Acting United States Trustee

Hemar, Rousso & Head, LLP.

_____
J. Alexandra Rhim, Esq.
Attorney for Bank of America &
Banc of America Leasing & Capital

Donahoe & Young, LLP

_____
Mark T. Young, Esq.
Attorney for Simson Labs, LLC

11