Gary E. Slater (Bar No. 99141)
*ges@slatertruxaw.com*
Timothy J. Truxaw (Bar No. 106428)
*tjt@slatertruxaw.com*
SLATER & TRUXAW, LLP
15373 Innovation Drive, Suite 210
San Diego, California  92128
Telephone: (858) 675-0755
Facsimile: (858) 675-0733

Attorneys for RICHARD M KIPPERMAN, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>CORE SUPPLEMENT TECHNOLOGY, INC.,<br><br>Debtor. | Case No. 17-06078-MM7<br><br>**DECLARATION OF CHAPTER 7 TRUSTEE, RICHARD M KIPPERMAN, IN RESPONSE TO COURT'S TENTATIVE RULING REGARDING CHAPTER 11 FEE APPLICATIONS OF FOX ROTHSCHILD LLP (SPECIAL COUNSEL) AND COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**<br><br>DATE:  December 6, 2018<br>TIME:   10:00 a.m.<br>DEPT:  One (1), Rm. 218<br><br>(Honorable Margaret M. Mann) |

I, RICHARD M KIPPERMAN, Chapter 7 Trustee herein, declare as follows:

1. On November 28, 2018 (ECF No. 284), this Court issued its Tentative Ruling with regard to all of the fee applications that are on calendar for December 6, 2018 at 10:00 a. m. herein.

2. This Declaration addresses the concerns and comments from the Court in that Tentative Ruling.

3. As of this writing, I have on hand in the estate the sum of $389,664.78 ("Estate Funds").[1]  I expect my fees in this case to be approximately $85,000.00.  I have already employed

---

[1] Pursuant to the Order approving the settlement with Bank of America, I paid out $1,407,743.54 to the Bank.

a CPA to file tax returns and perform other tasks, which fees, to date, are approximately $7,000.00. As for other chapter 7 administrative expenses, there may be an administrative rent claim due to the Debtor's former landlord, which matter is being analyzed. I have discussed the Court's Tentative Ruling with my counsel, Slater & Truxaw, LLP, whose compensation that is the subject of the current fee application is $86,998.50 in fees and $1,772.64 in costs.  The only legal matters that my counsel and I know still require analysis are the possible filing of avoidance claims and claims objections, to the extent that I cannot handle the objections without counsel. ***It is very likely that this chapter 7 estate will be administratively solvent.***

4. As for the potential distribution to creditors, it is noteworthy that this case was converted to Chapter 7 on April 2, 2018.  I caused a claims bar date to be established, which expired on July 23, 2018.  Prior to the conversion, more than 60 Proofs of Claim were filed with the Court. I purposefully did not start my analysis of the claims filed in both the Chapter 11 proceeding and this Chapter 7 case because I did not secure the settlement with Bank of America until the Court's Order approving same became final on October 11, 2018.[2]

5. As for the chapter 11 fee applications, the Trustee has not undertaken a significant investigation of the nature and magnitude of the problems that occurred during the chapter 11 proceedings.  The Trustee has briefly discussed the matter with the Office of the United States Trustee ("OUST"). ***The OUST recently arranged for a voluntary reduction in the compensation being sought by Debtor's counsel, Stephen C. Hinze.  The reduction is memorialized in a Stipulation that was filed with the Court on November 29, 2018 (ECF #286).   In summary, Mr. Hinze has agreed to reduce his request for legal fees from $110,782.25 to $77,363.75.***

6. Due to the comments in the Court's Tentative Ruling, the Trustee is considering whether to file an application with the Court to establish a chapter 11 non-professional administrative bar claim date.   In addition, the Trustee is investigating whether the sale of the Debtor's assets will trigger a sales tax or income tax liability for the bankruptcy estate.

---

[2] The U. S. Trustee's Office filed its Proof of Claim for chapter 11 quarterly fees of $29,470.00 (Claim #90) on or about July 23, 2018.

7. The Trustee intends to make the distributions to Chapter 11 administrative claims on a pro rata basis.

8. With regard to the Chief Restructuring Officer, it is my understanding that Mr. Feferman's company was paid completely from the cash collateral of Bank of America, so disgorgement would probably not apply in this case.

9. For the information of the Court, Mr. O'Dea filed a chapter 7 bankruptcy in the Central District of California (Woodland Hills), Case No. 1:18-bk-12774-MB, on November 15, 2018. The first meeting of creditors in the O'Dea case is scheduled for 9:30 a. m. on December 24, 2018, before Trustee David K. Gottlieb. A Notice of Automatic Stay was filed by bankruptcy counsel for Mr. O'Dea in this case on November 28, 2018 (ECF No. 285).

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed at La Mesa, California, on December 4, 2018.

*/s/ Richard M Kipperman*
RICHARD M KIPPERMAN