GARY E. SLATER (State Bar No. 99141)
TIMOTHY J. TRUXAW (State Bar No. 106428)
**SLATER & TRUXAW, LLP**
15373 Innovation Drive, Suite 210
San Diego, California 92128
Telephone: (858) 675-0755/Fax: (858) 675-0733

Attorneys for Trustee, Richard M Kipperman, Chapter 7 Trustee

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In Re:<br><br>CORE SUPPLEMENT TECHNOLOGY, INC.,<br><br>      Debtor. | **Case No. 17-06078-MM7**<br><br>**STATUS REPORT OF CHAPTER 7 TRUSTEE REGARDING HIS MOTION TO DISGORGE COMPENSATION PAID DURING CHAPTER 11**<br><br>**DATE:  May 19, 2020**<br>**TIME:   10:00 a.m.**<br>**DEPT:  1, Room 218**<br><br>**Honorable Margaret M. Mann** |
| --- | --- |

      Richard M Kipperman, Trustee ("Trustee") hereby submits his Status Report in connection with his motion for disgorgement of the compensation paid to the CRO during the chapter 11 proceeding ("Trustee's Motion"), as follows

      1.      The Trustee's Motion was filed herein on March 3, 2020. On April 6, 2020, the CRO, Mr. Feferman filed his opposition, through counsel ("Opposition," ECF Nos. 393-397) to the Trustee's Motion. The Trustee filed his Reply on April 13, 2020 (ECF No. 401).

      2.      Counsel for the Trustee spoke to Attorney David A. Ortiz of the Office of the United States Trustee ("OUST") on or about April 14, 2020 relative to the Trustee's Motion. Mr. Ortiz indicated that the OUST intended to take no position on this matter.

      3.      To date, the CRO has received the sum of $43,870.97. Chapter 11 professionals who have received orders of compensation in this case are as follows:

| NAME | DATE OF COURT'S ORDER | AMOUNT | ECF NO. |
|---|---|---|---|
| Fox Rothschild, LLP | 12/11/18 | $109,212.00 Fees<br>$    5,453.43 Costs<br>$114,665.43 | 290 |
| Steven C. Hinze, Esq. | 12/11/18 | $  49,005.00 Fees<br>$    4,626.15 Costs<br>$   53,631.15 | 291 |
| Melissa Bustarde, Esq. | 06/03/19 | $    6,504.75 Fees<br>$       725.61 Costs<br>$    7,230.36 | 317 |
| **TOTAL** | | **$ 175,526.94** | |

4.     In the Court's Tentative Ruling, ECF No. 288, entered on December 4, 2018, the Court indicated in its Appendix 1, that the sum of $218,099.42 was owed to chapter 11 operating expenses.  The Trustee has not determined whether any of the $218,099.42 is due, unenforceable or has been paid.  A copy of the Court's Tentative Ruling is attached hereto as Exhibit "A."

5.     The Trustee believes that there may be sales taxes owed by the estate related to the sale that occurred during the chapter 11.  The Trustee and his CPA are investigating the issue with the California Department of Tax and Fee Administration, the successor to the State Board of Equalization. The chapter 11 tax returns reveal only losses, no obligations for income taxes.   The Court requested the Trustee's statement of position on this issue in ECF No. 288.

6.     The Trustee currently has the sum of approximately $393,000.00 in cash and expects to receive an additional $25,000 in a preference settlement (by June 1, 2020) pursuant to Orders entered recently by the Court.

7.     Outstanding costs of administration through March 31, 2020 are compromised of the following:

| Item | Amount Paid | Amount Outstanding | Date of Order | ECF No. |
|---|---|---|---|---|
| Slater & Truxaw 1st Interim Fee Application- 80% Compensation allowed of $88,771,14 | $69,598.80 Fees<br>$  1,772.64 Costs<br>$71,371.44 | $ 17,339.70 Fees | 12/11/18 | 293 |
| Slater & Truxaw 2nd Interim Fee Application—80% Compensation allowed | $100,740.00 Fees<br>$    1,337.13 Costs<br>$101,077.13 | $ 25,185.00 Fees | 12/16/19 | 362 |

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

| of $125,925.00, through 10/31/19 | | | | |
|---|---|---|---|---|
| Chapter 7 Trustee Richard M Kipperman Compensation | No application has yet been made or filed. | | | |
| Trustee's CPA Alan Meyers Ist Interim Application | $11,575.00 Fees $    556.70 Costs $12,131.70 | None | 04/09/19 | 306 |
| Trustee's CPA, Alan Meyers 2nd Interim Application, through 11/13/19. | $13,379.00 Fees $    516.00 Costs $13,895.00 | None | 12/16/19 | 361 |

8.     The Trustee estimates that his fees will be approximately $85,000.00.

9.     From October 31, 2019 through March 31, 2020, Slater & Truxaw has incurred the sum of $57,667.50 in fees and $1,145.95 in costs, for a total of $58,813.45, which has not yet been the subject of a fee application.   Since November 13, 2019, the Trustee's CPA, Alan Myers has incurred the sum of approximately $1,400.00 in fees and costs that have not been the subject of a fee application.

## **CONCLUSION**

Based on the foregoing, the Trustee defers to the Court for an appropriate resolution of the Trustee's Motion.

Dated: April 29, 2020                         Respectfully submitted,

SLATER & TRUXAW, LLP

By:

    /s/ Gary E. Slater
GARY E. SLATER
TIMOTHY J. TRUXAW,
Attorneys for Richard M Kipperman,
Chapter 7 Trustee

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

TENTATIVE RULING
ISSUED BY JUDGE MARGARET M. MANN

| | |
|---|---|
| Debtor: | CORE SUPPLEMENT TECHNOLOGY, INC. |
| Number: | 17-06078-MM11 |
| Date: | 10:00 a.m., Thursday, December 6, 2018 |

Hearings:

FIRST INTERIM APPLICATION FOR ORDER AUTHORIZING PAYMENT OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS TO SLATER & TRUXAW, LLP

AMENDED FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR FOX ROTHSCHILD LLP, SPECIAL COUNSEL FOR THE DEBTOR AND D-I-P

FIRST AND FINAL APPLICATION FOR COMPENSATION & REIMBURSEMENT FOR STEPHEN C. HINZE

There are three fee applications before the court:

1. Interim Fee Application of Slater & Truxaw, LLP ("S&T"), Attorneys for Chapter 7 Trustee, Richard M Kipperman, for fees of $86,998.50 and expenses of $1,772.64;
2. Amended Final Fee Application of Fox Rothschild LLP ("FR"), Special Counsel to Debtor and Debtor-in-Possession, for fees of $120,089 and expenses of $5,453.43; and;
3. Stephen C. Hinze ("Hinze"), General Counsel to Debtor and Debtor-in-Possession, for fees of $110,782.25 and expenses of $4,626.15.

## Analysis

As to the Hinze fees only, the US Trustee ("UST") has agreed with Hinze to reduce these fees for the employment category by $10,000, and the fees in the asset distribution category to $0, for a total award of $77,373.65. Other than as to the UST Stipulation, no other party has objected to any of the fee applications.

The court is nevertheless obligated to review of these fee applications in a manner consistent with its broad discretion to determine what amount of fees is reasonable under the circumstances. *Koncicky v. Peterson (In re Koncicky)*, Appeal No. W-07-1170-MkPaJ, 2007 WL 7540997, at *3 (9th Cir. BAP Oct. 19, 2007); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) ("The district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, we defer

**Page 2**
**DEBTOR: CORE SUPPLEMENT TECHNOLOGY, INC.**          **CASE NO: 17-06078-MM11**

to its determination . . . ."). We necessarily afford considerable deference to the bankruptcy court's reasonableness assessment because of its first-hand experience with the attorney's services and performance during the bankruptcy proceedings. The court has used its expertise in this market and these cases, not to mention its experience overseeing this case. *Thomas v. Namba (In re Thomas)*, Appeal No. CC-07-1053-PaBaK, 2007 WL 7541008, at *12 (9th Cir. BAP Nov. 5, 2007)(citing *Red Carpet Corp. of Panama City Beach v. Miller (In re Red Carpet Corp. of Panama City)*, 902 F.2d 883, 891–92 (11th Cir. 1990)). Deference was afforded in *Leichty v. Neary (In re Strand)*, 375 F.3d 854 (9th Cir. 2004), where the Ninth Circuit approved a 50% reduction of an attorney's IRS-related fees due to the limited potential benefit from the IRS litigation, the unreasonable nature of the balance of the fees. The court need not make item by item reductions in the fees disallowed in its application of the lodestar method, although it must explain the reasons behind its decisions sufficient to permit meaningful review. *Gates,* 987 F.2d at 1399-1400.

The court will thus explain the reductions in the fees that it feels is appropriate here.

**<u>S&T Application</u>**

To assess the benefit of the services to the estate, the court requested further information from Trustee regarding the status of the case and the likely distribution on these fee requests. Trustee has responded although this case on a Chapter 7 level, it cannot yet be determined if the case is solvent on a Chapter 7 level. This analysis does not consider potential Chapter 11 taxes arising from the sale, or Chapter 11 administrative claims other than professional fees, which Trustee plans to undertake in the future. Significantly, there were $218,099.42 in unpaid Chapter 11 administrative expenses when this case was converted, apart from the attorney's fees administrative claim, and the court is concerned about a disparate payment on these administrative claims. Since it appears the case is administratively insolvent on a Chapter 11 basis, the court is concerned why there is no disgorgement from the CRO on his own fees particularly because the court does not see any significant benefit to the fees provided by him. The court modified its own order to ensure that his fees would be subject to disgorgement. While Trustee claims this disparity is due to these fees being paid from cash collateral, the court certainly did not expressly approve a disparate payment to the CRO.

Because so much remains to be done in this Chapter 7 case, the court cannot fully assess the benefit to the estate from the S&T fee application. The court recognizes the benefit provided by Trustee and counsel in resolving the claim of BofA. But this was in a manner that had been first raised by the court when it rejected the first sale proposed by Debtor. The court will therefore award these fees on an interim basis at the rate of 80% as to fees and 100% as to costs.

EXHIBIT "A"

**Page 3**
**DEBTOR:  CORE SUPPLEMENT TECHNOLOGY, INC.**              **CASE NO:  17-06078-MM11**

### FR Fees

The court recognizes the voluntary reductions made by FR, which the court finds appropriate since there was duplication of services within the firm. The rates were also higher than the market standard in this community for this type of case and the benefit provided to the unsecured creditors. FR was essentially hired to overcome the problems caused in this case by the principal, Joseph O'Dea, Hinze as inexperienced debtor's counsel, and the CRO whose management of the case did not solve any of the earlier problems with assessment of the financial situation of the debtor. The CRO also could not also properly analyze the bankruptcy options affecting this debtor. These concerns are more fully addressed in the court's conversion order and order to show cause. Because the voluntary reductions to the FR fee application are reasonable, they would have been part of the court's ruling in any event.

There are other fees that were incurred that were outside the scope of FR's employment. Specifically, FR provided duplicative services with Hinze on the lease rejection, cash collateral and regarding the conversion of the case. These fee entries total $10,877 as detailed in Appendix 3. The court is unaware that there was some overlap regarding the sale process on these fees, but since Hinze has also charged for these fees, there is clearly duplication. The court also cannot find there was sufficient benefit to the estate for this overlap in services to award them to both parties. There were no efficiencies of scale here. Fees are requested in excess of $120,000 for work of less than one month in a transaction where there were existing documents and a deal structure prepared. Because the court had already identified the problems with the sale, FR was provided a road map as to how to solve them.

Although the court would award fees in the amount of $120,089 less $10,877, for a total of $109,212, with costs to be awarded in full, it cannot allow for payment any fees or costs at this time until the tax and administrative claims are determined so that the distribution is assured to be pro rata.

### Hinze Fees

Despite the stipulation Hinze agreed to with the UST, the court is compelled to reduce these fees further as reflected in in Appendices 2 and 4 for a variety of reasons. Based on the court's review of its filing records, Hinze never handled a Chapter 11 in this district and also only represented one non-individual client in a no-asset Chapter 7 in this district. His inexperience in handling Chapter 11 cases is apparent from the outcome of this case.

**Page 4**
DEBTOR: CORE SUPPLEMENT TECHNOLOGY, INC.                    CASE NO: 17-06078-MM11

Specifically, the court first expressed concerns with Debtor's management of the estate with Hinze as counsel in connection with Debtor's first day motion for an interim order authorizing the use of cash collateral and inventory filed October 12, 2017 (Doc. 9). The court reiterated these concerns at a hearing on November 29, 2017. Hinze then filed a second amended motion for the use of cash collateral. However, in a tentative ruling dated December 18, 2017, the court disapproved the use of cash collateral proposed by Hinze a third time. *See* Doc. 54. The tentative ruling also identified several concerns regarding the administration of Debtor's case at that hearing, including that Debtor had paid insider's compensation without seeking court approval as required by the court's local rules and appeared to have entered into an agreement with Simpson without seeking court approval in potential violation of §363(b)(1). The court reiterated these concerns at the December 20, 2017 status conference. The court noted that while O'Dea had provided additional testimony regarding the estate's agreement with Simpson, Hinze failed to identify how much Simpson was paid under the agreement or why court approval was not sought. The CRO also gave testimony that was inconsistent with other sworn statements before the court about the Simpson transaction.

The October and November operating reports indicated that Simpson had received $160,000, which was slightly less than half of the $334,000 in losses Debtor had incurred in the first two months of the case. Simpson has received $478,000 when Debtor's losses through January exceeded $400,000. In December, Debtor had proposed a sale of substantially all its assets for $2.2 million to Simpson, which could have sufficed to cover secured claims and administrative expenses. But the price declined then by another $650,000 approximately.

The court deferred issuing an order show to cause under §§ 1104(b)(1) and 1112(b) with the hope that appointment of the CRO would address the problems. The CRO was unable to answer questions about operating reports filed in this case, including Debtor's January 2018 Operating Report filed after he was appointed at the March 8, 2018 hearing on the Sale Motion. The CRO testified that he could not verify the accuracy of any operating report filed in this case, and the information he was provided by Debtors' personnel conflicted with the operating reports. As one example, the operating reports reflected that Simpson had been paid only $15,000 for raw materials during the administration of this case, but the CRO testified Simpson had been paid over $200,000. The CRO also could not determine how much Simpson had been paid during the case for outsourcing under an undisclosed prepetition agreement with Debtor, yet opined without foundation that the relationship was profitable, even when the operating reports reflected otherwise.

The court's concerns regarding Debtor's use of cash deposits to cover operating expenses identified at the December 20, 2017 lead to the over $200,000 Chapter 11 non-professional administrative claim shortfall identified in Appendix 1.

EXHIBIT "A"

**Page 5**
**DEBTOR: CORE SUPPLEMENT TECHNOLOGY, INC.**                    **CASE NO: 17-06078-MM11**

That the sale to Simpson was badly handled by Hinze is reflected in court's order denying the sale. No plan was ever filed. Hinze's inexperience and the CRO's inability to manage the situation led to the retention of separate counsel FR. This led to a sale, but at the cost of substantial delay and additional expense in terms of FR's fees. The CRO's inability to manage this case, the only role for which he was employed, means that the court doubts that all of his fees were of benefit to the estate. Were it not for the UST Stipulation disallowing all Hinze's fees in the sale category, and reducing the fees in the employment section, the court would independently disallow these fees. The court will also require additional briefing from Trustee on why the CRO's fees should not be disgorged.

Other reductions that are necessary based on the court's review of the Hinze fees that those reflected in the UST Stipulation. First, Hinze is not entitled to any fees incurred after the conversion of the case. In Appendix 4 the court calculates these fees at $7,700. In *Lamie v. United States Trustee*, the Supreme Court held that "§ 330(a)(1) does not authorize compensation awards to debtor's attorneys from estate funds, unless they are employed and authorized by § 327." *Lamie v. United States Tr.*, 540 U.S. 526, 538 (2004); *In re Mullendore*, 517 B.R. 232, 238 (Bankr. D. Mont. 2014). The court based its holding on the plain meaning of Section 330(a)(1) which explicitly authorizes the award of compensation to three types of people: trustees, examiners, and professionals employed under § 327. 11 U.S.C. § 330(a)(1). Upon the conversion of a Chapter 11 case to a Chapter 7 case, Debtor loses his status as a debtor-in-possession ("DIP") and all trustee powers held as the DIP including the power to employ professionals under § 330(a)(1). See *In re Mullendore*, 517 B.R. at 237-38. Debtor's two attorneys are not entitled to payment for their services to Trustee post-conversion because they were not employed by Trustee as required under § 327.

Second, Hinze provided no value for the cash collateral services. The court disapproved his first three efforts, and finally only approved use of cash collateral on a temporary basis. The court has reduced these fees since they are not of benefit to the estate as reflected on Appendix 2 in the amount of $6,490. Due to Hinze's and the CRO's inability to properly analyze and negotiate the BofA lien, Trustee had to provide this service in the Chapter 7, which means there was duplication of fees.

The cash collateral problems were also not inconsequential. Hinze and the CRO permitted the "unauthorized use of cash collateral substantially harmful to one or more creditors." *See, e.g.*, *In re Bowers Inv. Co., LLC*, 553 B.R. 762, 773 (Bankr. D. Alaska 2016) (debtor's failure to account for use of cash collateral supported a finding for cause under § 1112(b)(4)(D)); *In re Premier Golf Props., LP*, 564 B.R. 710, 726 (Bankr. S.D. Cal. 2016) (debtor's sale of assets outside the ordinary course of business and use of the proceeds without court authorization constituted cause under § 1112(b)(4)(D)). This was done through payments to Simpson in excess of the temporary budget. Only

Page 6
DEBTOR:  CORE SUPPLEMENT TECHNOLOGY, INC.                    CASE NO: 17-06078-MM11

$65,000 monthly for "outsourcing" was approved by the court on January 29, 2018. *See* Mot. Or. Authorizing Cash Collateral, Ex. B., Oct. 12, 2017, Doc. 9-2; Or. Grant Cash Collateral Stip., Jan. 27, 2018, Doc. 110, pg. 2, yet Debtor paid Simpson $138,378.12 for outsourcing in November as well as $131,784.22 for outsourcing in December and $142,541.93 for outsourcing in January. Because of the harm to the estate and the ineffectiveness of the services, the reduction of $6,490 fees in the cash collateral category as reflected in Appendix 2 is appropriate.

Third, the court is compelled to reduce the fees of $1,677 by $1,000 for corporate governance matters which were to be provided by Melissa Bustarde to avoid duplication. This is also reflected in Appendix 2.

Fourth, Hinze's case administration improperly lumped together services that were not compensable since they were not of benefit to the estate; such as the asset distribution, cash collateral, and corporate governance. The court has disallowed these fees under the case administration section since it would have disallowed them if they were sought under the proper section. Together with the $7,700 reduction for post-conversion services, the total of this reduction per Appendix 4 is $16,252.50.

The total fees to be awarded to Hinze is $49,005 as reflected on Appendix 2. Expenses will be allowed in full as prayed for. Again, no fees or costs will be allowed for payment until the pro-rata distribution to Chapter 11 administrative expenses can be determined.


**Conclusion**

S&T is entitled to an interim award of 80% of fees and costs at this time. Although fees and costs will be awarded to FR and Hinze as set forth in this ruling, no fees or costs are allowed for payment until a further order of this court.

**Appendix 1**

**In re Core Supplement Technology**

**Unpaid Chapter 11 Expense Reimbursements**

| Name | Amount |
|---|---:|
| Alkemist Laboratories | 500.00 |
| Ally | 1,442.07 |
| Aramark | 2,847.36 |
| Ascentium Capital | 5,001.60 |
| AT&T | 458.94 |
| AT&T Mobility | 45.11 |
| Bank of America | |
| Business Copier Solutions | 89.28 |
| Berlin Packaging LLC | 2,273.92 |
| Berlin Packaging LLC | 12,520.89 |
| Batory Foods | .17 |
| California Choice | 5,243.01 |
| City of Oceanside | 3,181.72 |
| City of Oceanside | 7,205.05 |
| Corporate Recovery Associates LLC | 51,600.00 |
| Cox Business | 850.00 |
| Covance Laboratories, Inc. | 63.30 |
| Data Resolution | 1,365.00 |
| Dyad Labs | 1,910.00 |
| Eurofins Scientific Inc. | 527.00 |
| Fed Ex | 2,621.12 |
| Fed Ex Freight | 9,045.91 |
| Financial Pacific Leasing | 21,246.40 |
| George Nutting Company, Inc. | 442.00 |
| Holms Landscape Company | 1,803.64 |
| JJJ Enterprises | 105.00 |
| Kelly Services | 223.51 |
| Konica Minolta | 208.33 |
| LCA Bank Corporation | 11,111.32 |
| Logistics Fox | 1,846.99 |
| Marlin Business Bank | 6,416.86 |
| Marlin Business Bank | |
| MJB Freight Systems, Inc. | 1,604.52 |
| Micro Quality Labs, Inc. | 7,145.00 |
| Markem-Image Corp. | 171.50 |
| National Measures Airlite Plastics | 1,484.00 |
| Ready Refresh by Nestle | 174.53 |
| Ontario Refrigeration | 665.00 |
| Pacific IP | 1,118.00 |
| Package All Corp. | 23.78 |
| Principal Group | 1,210.83 |
| RS Hughes Co., Inc. | 20.19 |
| SDG&E | 154.01 |
| Fed Ex Corporate Services | 1,108.00 |
| Thermo Fisher Scientific | 1,127.52 |
| Thermo Electron North America LLC | 665.39 |

EXHIBIT "A"

| | |
|---|---:|
| United Fire Group | 820.00 |
| Unifirst | 2,221.28 |
| UPS | 361.42 |
| Wade Prescott, Chip Prescott, Bonnie Prescott & Rena Patnode ($33,716 less dep of $30,000) | 3,716.00 |
| Rancho California Center LP (44,843.90 less dep of $22,730.95) | 22,112.95 |
| Corporate Recovery Associates LLC | 20,000.00 |
| | |
| **Total** | **218,099.42** |

EXHIBIT "A"

**Appendix 2**

**Summary of Fee Reductions for Hinze**

| | |
|---|---|
| Asset analysis and Recovery | $1,732.50 |
| Asset Disposition[1] | $0.00 |
| Assumption and Rejection of Leases and Contracts | $4,180.00 |
| Avoidance Action Analysis | $0.00 |
| Budgeting of Case | $0.00 |
| Business Operations | $0.00 |
| Case Administration[2] | $23,402.50 ($39,655 − 16,252.50) |
| Claims Administration and Objections | $3,052.50 |
| Corporate Governance and Board Matters[3] | $677.50 |
| Employee Benefits and Pensions | $2,420.00 |
| Employment and Fee Applications[4] | $13,540.00 |
| Employment and Fee Applications Objections | $0.00 |
| Financing and Cash Collateral[5] | $0.00 |
| Meetings and Communications with creditors | $0.00 |
| Real Estate | $0.00 |
| Totals | **$49,005.00** |

---

[1] Eliminated as per UST Stipulation.
[2] Reduction from $39,655 due to inclusion of services for asset disposition, cash collateral and corporate governance.
[3] Reduction of $1,000 due to unnecessary duplication of corporate governance services with Melissa Bustarde.
[4] Reduced per UST Stipulation.
[5] Reduced from $6,490 to $0 for the reasons provided in the tentative ruling.

EXHIBIT "A"

**APPENDIX 3**

**FEE REDUCTIONS FOR FR BASED ON WORK OUTSIDE THE SCOPE OF EMPLOYMENT SUCH AS ORDER TO SHOW CAUSE, LEASE REJECTION AND DUPLICATION OF EFFORTS WITH HINZE**

| For professional services rendered through 8/31/18 | | | | | |
|---|---|---|---|---|---|
| 3/11/18 | Kurth | SA | TELEPHONE CONFERENCE WITH R.FEFFERMAN (M. YOUNG, BUYERS COUNSEL) AND J. O'DEA RE PENDING SALE, ISSUES, PATH FORWARD | 0.0 | No charge |
| 3/12/18 | Kurth | SA | REVIEW OF ORDER TO SHOW CAUSE RE DISMISSAL OR CONVERSION TO CHAPTER 7 #177 | 0.5 | 325.00 |
| 3/13/18 | Kurth | SA | TELEPHONE CONFERENCE WITH S.HEINZ TO COORDINATE M&A ACTIVITY AND AVOID DUPLICATION OF EFFORT | 0.3 | 195.00 |
| 03/14/18 | Kurth | SA | Exchange correspondence with S. Hinze re: background information and questions regarding renegotiation of sale agreement | 0.4 | 260.00 |
| 03/14/18 | Kurth | SA | Exchange correspondence with S. Heinz to coordinate regarding rejection of real estate leases | 0.1 | 65.00 |
| 03/15/18 | Bird | SA | DRAFTING IN SUPPORT OF SHOW CAUSE ORDER RESPONSE WITH ISSUES OVERLAPPING SALES MOTION | 4.7 | 2,021.00 |
| 03/15/18 | Desantis | SA | RESEARCH RE CASE LAW IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE | 2.5 | 900.00 |
| 03/15/18 | Desantis | SA | Prepare response to order to show cause | 1.8 | 648.00 |
| 03/15/18 | Kurth | SA | Confer with K Desantis re preparation of response to OSC | 0.4 | 260.00 |
| 03/15/18 | Kurth | SA | Exchange correspondence with S Hinze re sale issues with respect to Berlin equipment (various) | 0.2 | 130.00 |
| 03/15/18 | Kurth | SA | Exchange correspondence with S Hinze receipt of buyers deposit | 0.1 | 65.00 |
| 03/15/18 | Kurth | SA | Exchange correspondence with S Hinze to coordinate filings | 0.2 | 130.00 |
| 03/15/18 | Kurth | SA | Exchange correspondence with J. O'Dea and S Heinz re customer concerns J. O'Dea regarding status of orders and resolution of same pending sale | 0.6 | 390.00 |

| 03/15/18 | Manning | SA | Correspondence with m Kurth, S Hinze re Berlin Joinder to sale motion | 0.4 | 162.00 |
|---|---|---|---|---|---|
| 03/16/18 | Bird | SA | Final edits to response to show cause | 1.7 | 731.00 |
| 03/16/18 | Desantis | SA | Continued preparation of response to order to show cause | 1.2 | 432.00 |
| 03/16/18 | Manning | SA | Review proposed cash collateral stipulation | 1.1 | 445.50 |
| 03/19/18 | Desantis | SA | Review order to show cause to determine outstanding questions to court and answers to questions | 0.7 | 252.00 |
| 03/19/18 | Manning | SA | Correspondence with S Hinze, K Desantis re procedural compliance of proposed orders | 0.2 | 81.00 |
| 03/20/18 | Kurth | SA | Exchange e mail correspondence with S Heinz and R Feferman / J O'Dea re updated reporting re B26 report / information regarding value of subsidiary interests to be sold | 0.1 | 65.00 |
| 03/20/18 | Kurth | SA | Prepare correspondence to S Heinz and R Feferman re proposed stay relief | 0.1 | 65.00 |
| 03/20/18 | Kurth | SA | Review correspondence from S Heinz re February Mor submission in response to court's tentative sale concerns | 0.1 | 65.00 |
| 03/20/18 | Manning | SA | Correspond with S Hinze, M. Kurth re B26 report | 0.1 | 40.50 |
| 03/21/18 | Kurth | SA | Review and respond to email from S Heinz re treatment of Marlin security interest – possibly unperfected | 0.1 | 65.00 |
| 03/21/18 | Manning | SA | Format amended liquidation analysis and forward to S Hinze for filing | 0.4 | 162.00 |
| 03/21/18 | Manning | SA | Confer with S Hinze re creditor Marlin perfection issues | 0.2 | 81.00 |
| 03/22/18 | Kurth | SA | Telephone conference with R Feferman re payroll liability issues and cash collateral budget | 0.0 | No charge |
| 03/22/18 | Kurth | SA | Confer with M Manning re sale order and open issues re Simpson/Core transaction and rejection of leases, equipment | 0.3 | 195.00 |
| 03/22/18 | Manning | SA | Confer with S Hinze r motion to reject executory leases | 0.2 | 81.00 |
| 03/22/18 | Manning | SA | Confer with M Kurth re open issues with respect to Simpson transaction and rejection of leases | 0.3 | 121.50 |

EXHIBIT "A"

| 03/26/18 | Kurth | SA | Telephone conference with S Heinz and (Partial participation) M. Manning re sale closing | 0.5 | 325.00 |
| 03/26/18 | Kurth | SA | Exchange e-mail correspondence with S Heinz, M. Manning, R Feferman re APA order | 0.2 | 130.00 |
| 03/26/18 | Kurth | SA | Review draft of Berlin stay relief stipulation and provide comments to S Heinz | 0.3 | 195.00 |
| 03/26/18 | Kurth | SA | Telephone conference with S Heinz and M Manning re rejection of leases/executory contracts | 0.3 | 195.00 |
| 03/28/18 | Kurth | SA | Exchange e-mail correspondence with S Heinz re lease rejection motion and rejection procedures in support of further liquidation sales | 0.2 | 130.00 |
| 03/28/18 | Kurth | SA | Prepare correspondence to R Feferman re rejection of contracts/leases in support of further liquidation sales | 0.1 | 65.00 |
| 03/29/18 | Baddon | SA | Research and analyze state and federal case law re personal liability for directors and officers for unpaid wages when company is in bankruptcy | 0.0 | No charge |
| 03/29/18 | Kurth | SA | Telephone conference with S Heinz re rejection motion and procedures | 0.3 | 195.00 |
| 03/29/18 | Kurth | SA | Review Berlin stay relief stipulation and provide comments to T Fawkes and S Heinz, R Feferman | 0.3 | 195.00 |
| 03/29/18 | Kurth | SA | Prepare for OSC hearing and report re sale closing | 0.5 | 325.00 |
| 03/28/18 | Manning | SA | Prepare for and participate in telephonic status conference with court | 1.7 | 688.50 |
| **Total** | | | | | **10,877.00** |

EXHIBIT "A"

## APPENDIX 4

### REDUCTION IN HINZE FEES FOR ADMINSTRATIVE TASKS THAT WERE MISCATEGORIZED AND SHOULD HAVE BEEN INCLUDED IN THE SALE, EMPLOYMENT OF BUSTARDE, OR CASH COLLATERAL CATEGORIES AS TO WHICH FEES ARE NOT AWARDED, OR WHICH ARE POST-CONVERSION SERVICES FOR WHICH COMPENSATION IS NOT ALLOWED

| CASE ADMINISTRATION | | | | | |
|---|---|---|---|---|---|
| SCH | 10/5/17 | Email to Mr. O'Dea re use of cash collateral | .2 | 275.00 | 55.00 |
| SCH | 10/10/17 | Email to bank counsel re proposed budget for use of cash collateral to make payroll | .1 | 275.00 | 27.50 |
| SCH | 10/18/17 | Email reply to counsel for Bank of America re order shortening time | .1 | 275.00 | 27.50 |
| SCH | 11/1/17 | Email to attorney Bustarde re compensation received from Core | .1 | 275.00 | 27.50 |
| SCH | 11/2/17 | Email to attorney Bustarde re prepetition earnings | .1 | 275.00 | 27.50 |
| SCH | 11/9/17 | Email to attorney Bustarde in litigation pending against debtor | .5 | 275.00 | 137.50 |
| SCH | 11/13/17 | Email to counsel for US Trustee follow up re Bank of America, secured claims and financing statements (UCC1 forms) | .1 | 275.00 | 27.50 |
| SCH | 11/14/17 | Transfer to counsel for US Trustee; correspondence to Mr. Ortiz | .7 | 275.00 | 192.50 |
| SCH | 11/29/17 | Prepare for status conference and hearing on cash collateral stipulation; meet with client prior to hearing; appearance at case management conference and hearing on cash collateral petition | 3.2 | 275.00 | 880.00 |
| SCH | 12/4/17 | Telephone call from Mr. Odea; receive and review letter from counsel for Bank of America; telephone call with Mr. Odea and Ms. Bustard; email to joe@coresupplementtech.com re letter from Bank of America counsel | .7 | 275.00 | 192.50 |
| SCH | 12/4/17 | Email to oe@coresupplementtech.com re letter from Bank of America counsel | .1 | 275.00 | 27.50 |
| SCH | 12/12/17 | Email to joe@coresupplementtech.com, kathy@coresupplementtech.com re preparation of cash collateral reconciliation report due Dec 18 | .2 | 275.00 | 55.00 |

EXHIBIT "A"

| SCH | 12/13/17 | Review documents delivered by client: email to kathy@coresupplementtech.com re Bank of America account | .3 | 275.00 | 82.50 |
|-----|----------|------|-----|--------|--------|
| SCH | 12/18/17 | Review and complete reply to opposition to first day motion | .5 | 275.00 | 137.50 |
| SCH | 12/20/17 | Prepare for and appear at cash collateral hearing: status conference and hearing on Melissa Bustarde application to be employed | 4.50 | 275.00 | 1,237.50 |
| SCH | 12/27/17 | Email to bustarde@mayfieldbustarde.com re payment from Core | .1 | 275.00 | 27.50 |
| SCH | 1/4/18 | Telephone call from Mr. Feferman re cash flow, marketing, sales protocols and comfort motion re current status of use of inventory | .5 | 275.00 | 137.50 |
| SCH | 1/8/18 | Email to hawkins@sullivanhill.com re core has anyone spoken to bank counsel in the last few days | .1 | 275.00 | 27.50 |
| SCH | 1/11/18 | Email to Arhim@hrhlaw.com re Core Supplement – cash collateral status | .2 | 275.00 | 55.00 |
| SCH | 1/11/18 | Email to Arhim@hrhlaw.com re Core Supplement – cash collateral status | .1 | 275.00 | 27.50 |
| SCH | 1/12/18 | Telephone call to Attorney Rhim re hearings set for January write off per; email to Arhim@hrhlaw.com re Core Supplement – cash collateral hearing | .3 | 275.00 | 82.50 |
| SCH | 1/12/18 | Telephone call to Mr. Robinson, left message re continuing three hearings on calendar; email to David.a.ortiz@usdoj.gov, arhim@hrhlaw.com re Core Supplement – cash collateral hearing | .1 | 275.00 | 27.50 |
| SCH | 1/12/18 | Email to arhim@hrhlaw.com, David.a.ortiz@usdoj.gov re Core Supplement – cash collateral hearing | .1 | 275.00 | 27.50 |
| SCH | 1/12/18 | Email to David.a.ortiz@usdoj.gov, arhim@hrhlaw.com re Core Supplement – cash collateral hearing | .1 | 275.00 | 27.50 |
| SCH | 1/15/18 | Email to arhim@hrhlaw.com, David.a.ortiz@usdoj.gov re Core Supplement – cash collateral hearing | .1 | 275.00 | 27.50 |

EXHIBIT "A"

| SCH | 1/16/18 | Email to arhim@hrhlaw.com, David.a.ortiz@usdoj.gov re Core Supplement – cash collateral hearing | .1 | 275.00 | 27.50 |
|-----|---------|---|----|--------|-------|
| SCH | 1/16/18 | Email to arhim@hrhlaw.com re Core Supplement – cash collateral hearing | .1 | 275.00 | 27.50 |
| SCH | 1/16/18 | Email to arhim@hrhlaw.com re Core Supplement – cash collateral hearing | .1 | 275.00 | 27.50 |
| SCH | 1/17/18 | Review email to Mr. Ortiz and Attorney Rhim; respond – email to David.a.ortiz@usdoj.gov, arhim@hrhlaw.comre Core status report | .2 | 275.00 | 55.00 |
| SCH | 1/26/18 | Receive email from Mr. Feferman re confirmation over which expenses that may be paid under Judge Mann's temporary cash collateral use order; email to richard@crareocovery.com re outstanding payments in response | .2 | 275.00 | 55.00 |
| SCH | 2/5/18 | Email to richard@crarecovery.com re Core lists 1) leased equipment; 2) owned equipment | .1 | 275.00 | 27.50 |
| SCH | 2/5/18 | Email to kathy@coresupplementtech.com re Ally loan | .1 | 275.00 | 27.50 |
| SCH | 2/12/18 | Email to David.a.ortiz@usdoj.gov, arhim@hrhlaw.com re extension of time to file | .2 | 275.00 | 55.00 |
| SCH | 2/12/18 | Email to David.a.ortiz@usdoj.gov, arhim@hrhlaw.com re extension of time to file | .1 | 275.00 | 27.50 |
| SCH | 2/12/18 | Email to David.a.ortiz@usdoj.gov, arhim@hrhlaw.com re proposed stipulation | .1 | 275.00 | 27.50 |
| SCH | 2/12/18 | Email to David.a.ortiz@usdoj.gov, arhim@hrhlaw.com re proposed stipulation | .1 | 275.00 | 27.50 |
| SCH | 3/1/18 | Telephone call with Mr. Feferman re distribution analysis and additional facts to be presented to court with forecast distribution charts | .5 | 275.00 | 137.50 |
| SCH | 3/1/18 | Email to richard@crarecovery.com re draft declaration | .1 | 275.00 | 27.50 |

EXHIBIT "A"

| SCH | 3/1/18 | Email to richard@crarecovery.com re correct declaration | .1 | 275.00 | 27.50 |
|---|---|---|---|---|---|
| SCH | 3/3/18 | Telephone calls from Mr. Feferman re declarations and lien priorities; draft points and authorities | .24 | 275.00 | 660.00 |
| SCH | 3/20/18 | Email to mkurth@foxrothschild.com, mmanniing@foxrothschild.com, richard@crarecovery.com, joe@coresupplementtech.com re FW: 17-06078-MM11 report | .1 | 275.00 | 27.50 |
| SCH | 12/19/17 | Prepare service list for amendment; prepare notice of amendment; telephone calls with client re director meeting: telephone call from client re sale process; receive and review email re cash collateral reconciliation; file and serve amendment and notice of amendment | 3.8 | 275.00 | 1,045.00 |
| SCH | 2/8/18 | Email to arhim@hrhlaw.com re BofA position re hearings 2/8/18 | .1 | 275.00 | 27.50 |
| SCH | 3/15/18 | Review returned mail; check addresses against websites and the Secy of State of CA, Arkansas and Illinois;  Confirm all addresses as current addresses for registered agents for service of process | .4 | 275.00 | 110.00 |
| SCH | 3/20/18 | Email to mmanning@foxrothschild.com re filings for this evening | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mkurth@foxrothschild.com, richard@crarecovery.com re two tentative filings | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mkurth@foxrothschild.com, mmanning@foxrothschild.com re proposed joinder | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Prepare draft joinder of Berlin in motion to sell | .5 | 275.00 | 137.50 |
| SCH | 3/20/18 | Email to manning@foxrothschild.com re [ext] re declaration of service | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to manning@foxrothschild.com re [ext] re declaration of service | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Review documents from Attorney Manning; draft proof of service by Fed Ex and assemble; email | .5 | 275.00 | 137.50 |

EXHIBIT "A"

|  |  | to mmanning@foxrothschild.com re proof of service |  |  |  |
|---|---|---|---|---|---|
| SCH | 3/20/18 | Email to mmanning@foxrothschild.om re proof of service | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mmanning@foxrothschild.com re proof of service | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mmanning@foxrothschild.com [ext] re proof of service | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mmanning@foxrothschild.com [ext] re proof of service | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mkurth@foxrothschild.com, mmanning@foxrothschild.com, richard@crarecovery.com re FW: 17-06078-MM11 proof of service Fed Ext | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mkurth@foxrothschild.com, mmanning@foxrothschild.com, richard@crarecovery.com re FW: 17-06078-MM11 proof of service | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mmanning@foxrothschild.com, mkurth@foxrothschild.com, richard@crarecovery.com re FW: 17-06078-MM11 report B26 period report | .2 | 275.00 | 55.00 |
| SCH | 3/20/18 | Email to mmanning@foxrothschild.com, mkurth@foxrothschild.com, richard@crarecovery.com re [ext] FW: 17-06078-MM11 notice (miscellaneous) | .1 | 275.00 | 27.50 |
| SCH | 3/20/18 | Email to mkurch@foxrothschild.com, mmanning@foxrothschild.com re stipulation for relief from stay | .1 | 275.00 | 27.50 |
| SCH | 3/21/18 | Email to joe@coresupplementtech.com re Life Brands B26 form | .1 | 275.00 | 27.50 |
| SCH | 3/21/18 | Email to mkurch@foxrothschild.com, mmanning@foxrothschild.com, richard@crarecovery.com re In the Office to assist with additional filing | .1 | 275.00 | 27.50 |
| SCH | 3/21/18 | Email to mkurth@foxrothschild.com, mmanning@foxrothschild.com, richard@crarecovery.com re | .2 | 275.00 | 55.00 |

EXHIBIT "A"

| | | | | | |
|---|---|---|---|---|---|
| | | Marlin Loan in revised disbursal analysis | | | |
| SCH | 3/21/18 | Email to joe@coresupplementtech.com, Richard@crarecovery.com re Address where Bellin's Equipment is located | .1 | 275.00 | 27.50 |
| SCH | 3/21/18 | Review comments from attorney Kirth; revise draft stipulation for relief from stay; email to tomf@goldmclaw.com, mkurth@foxrothschild.com, mmanning@foxrothschild.com re draft stipulation for relief from stay | .1 | 275.00 | 27.50 |
| SCH | 3/21/18 | Email to arhim@hrhlaw.com, richard@crarecovery.com re fw: cash collateral and distribution pro-forma | .2 | 275.00 | 55.00 |
| SCH | 3/21/18 | Receive and review proposed cash collateral stipulation; review email from attorney Kirth; review email from Mr. O'Dea; review email from Attorney Manning; revise stipulation for relief from stay | 2.5 | 275.00 | 687.50 |
| SCH | 3/22/18 | Email to mmanning@foxrothschild.com re Core filings | .1 | 275.00 | 27.50 |
| SCH | 3/22/18 | Email to mmanning@foxrothschild.com re [ext] re Core filings | .1 | 275.00 | 27.50 |
| SCH | 3/22/18 | Email to mmanning@foxrothschild.com re [ext] re Core filings | .1 | 275.00 | 27.50 |
| SCH | 3/22/18 | Email to richard@crarecovery.com re Core – Bank of America's security interest | .1 | 275.00 | 27.50 |
| SCH | 3/22/18 | Email to richard@crarecovery.com re Core – Bank of America's security interest | .1 | 275.00 | 27.50 |
| SCH | 3/22/18 | Email to richard@crarecovery.com re Core – Bank of America's security interest | .1 | 275.00 | 27.50 |
| SCH | 3/23/18 | Email to mmanning@foxrothschild.com re formatting: please rush | .1 | 275.00 | 27.50 |
| SCH | 3/23/18 | Email to mmanning@foxrothschild.com, mkurth@foxrothschild.com, richard@crarecovery.com re FW: | .1 | 275.00 | 27.50 |

EXHIBIT "A"

| | | | | | |
|---|---|---|---|---|---|
| | | The new documents was uploaded successfully… | | | |
| SCH | 3/26/18 | Review email from Attorney Manning; telephone call to court; email to mmanning@foxrothschild.com re Core | .2 | 275.00 | 55.00 |
| SCH | 3/26/18 | Email to arhim@hrhlaw.com, David.a.ortiz@usdoj.gov re Simpson re corrected Core sale order | .2 | 275.00 | 55.00 |
| SCH | 3/26/18 | Email to arhim@hrhlaw.com, David.a.ortiz@usdoj.gov re Simpson re Core sale order | .1 | 275.00 | 27.50 |
| SCH | 3/26/18 | Place corrected order on court template; prepare redline of order on court template | .7 | 275.00 | 192.50 |
| SCH | 3/27/18 | Email to mmanning@foxrothschild.com, arhim@hrhlaw.com, mkurth@foxrothschild.com re [ext] FW: The new document was uploaded successfully… | .1 | 275.00 | 27.50 |
| SCH | 3/27/18 | Email to mmanning@foxrothschild.com, arhim@hrhlaw.com, mkurth@foxrothschild.com reapproved order | .1 | 275.00 | 27.50 |
| SCH | 4/1/18 | Email to mkirth@foxrothschild.com, mmanning@foxrothschild.com, richard@crarecoveyr.com re status report | .1 | 275.00 | 27.50 |
| SCH | 4/2/18 | Finish and file status report | .3 | 275.00 | 82.50 |
| SCH | 4/2/18 | Email to mmanning@foxrothschild.com re Manning pro hac vice application | .1 | 275.00 | 27.50 |
| SCH | 4/2/18 | Receive and review pro hac vice application of Margaret Manning; review ECF manual and determine procedure for filing | .3 | 275.00 | 82.50 |
| SCH | 4/2/18 | Email to mmanning@foxrothschild.com re [ext] re Manning pro hac vice application | .1 | 275.00 | 27.50 |
| SCH | 4/2/18 | Email to mmanning@foxrothschild.com re [ext] re Manning pro hac vice application | .1 | 275.00 | 27.50 |
| SCH | 4/2/18 | Email to mmanning@foxrothschild.com re [ext] Manning pro hac vice application | .1 | 275.00 | 27.50 |

EXHIBIT "A"

| SCH | 4/3/18 – 8/9/18 | (Various separate entries) not entitled to payment under *Lamie* decision. | | | 7,700.00 |
|---|---|---|---|---|---|
| | | | | | |
| **Total** | | | | | **16,252.50** |

EXHIBIT "A"