GARY E. SLATER (State Bar No. 99141)
TIMOTHY J. TRUXAW (State Bar No. 106428)
**SLATER & TRUXAW, LLP**
15373 Innovation Drive, Suite 210
San Diego, California 92128
Telephone: (858) 675-0755/Fax: (858) 675-0733

Attorneys for Trustee, Richard M Kipperman, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CORE SUPPLEMENT TECHNOLOGY, INC.,<br><br>Debtor. | Case No. 17-06078-MM7<br><br>**STIPULATION ON SETTLEMENT AND WITHDRAWAL OF MOTION BY CHAPTER 7 TRUSTEE, RICHARD M. KIPPERMAN, TO DISGORGE COMPENSATION PAID TO CHAPTER 11 CHIEF RESTRUCTURING OFFICER, RICHARD FEFERMAN**<br><br>DATE: May 7, 2020<br>TIME: 10:00 a.m.<br>DEPT: 1, Room 218<br><br>**Honorable Margaret M. Mann** |

Chapter 7 Trustee Richard M. Kipperman (the "Trustee") and the former Chapter 11 Restructuring Officer Richard Feferman (the "Former CRO") and Corporate Recovery Associates, LLC ("CRA"), sometimes collectively referred to as "the Parties," by and through their respective undersigned counsel, hereby stipulate and agree as follows:

## **RECITALS**

A.  Former CRO, as representative of CRA, previously served as Core Supplement Technology, Inc's (the "Debtor") Court-appointed Chief Restructuring Officer and was paid $43,870.97 in fees in connection with those services;

B.  In connection therewith, Maxum Indemnity Company ("Maxum") issued Directors, Officers and Private Company Liability Insurance Policy No. MLN-6028352-02 for the policy period of March 10, 2017 to March 10, 2018 (the "Policy"). The Policy provides coverage to Debtor

1  and its officers, directors and employees in accordance with its terms and subject to a limit of liability of $1,000,000.00 (including all defense costs, as defined therein);

C. On March 3, 2020, the Trustee filed a Motion to Disgorge Compensation seeking disgorgement of the Former CRO's fees based on allegations of negligence (ECF #371, *et seq*., the "Motion");

D. Although the Former CRO strongly denies the allegations in the Motion and that any disgorgement is warranted, notice of the Motion was provided to Maxum;

E. Accordingly, the Former CRO has incurred defense costs in connection with the Motion, and Maxum has agreed to advance the Defense Costs (as that term is defined in the Policy) incurred by the Former CRO in connection with the Motion;

F. On April 6, 2020, the Former CRO filed Opposition to the Motion (ECF #393, et seq.), wherein on April 13, 2020, the Trustee filed his Reply thereto (ECF#401, et seq.). The subject hearing was scheduled for May 7, 2020.

G. On May 6, 2020 the Court issued its Tentative Ruling ("Tentative Ruling," ECF #407) that indicated that the Court was inclined to grant the Motion in part.

H. Prior to the hearing on the Motion, the Parties met and reached a resolution regarding the Motion, and counsel for the Former CRO read into the record the terms of a proposed agreement at the hearing.

I. Thereafter, the Court removed the Motion from its calendar pending submission of a written stipulation;

**STIPULATION**

Based on the foregoing recitals, the Parties agree that:

1. The Trustee will withdraw the Motion. Since the withdrawal of the Motion has mooted the Tentative Ruling, the Parties request that the Court vacate the Tentative Ruling and ask the clerk to remove it from the docket. In the alternative to vacatur, the Trustee has no objection to the Court sealing the Tentative Ruling, but the Trustee will have no obligation to seek a sealing of the Tentative Ruling;

2. The Former CRO will pay to the Trustee the sum of $17,553.51 within seven (7)

days after Court enters an Order approving this Stipulation.

3. The Former CRO will retain the remainder of the fees it received in connection with his services as CRO.

4. The Trustee, on behalf of himself and any successor trustee or other fiduciary appointed as legal representative of the Debtor or its estate, and his or their respective officers, directors, employees, agents, affiliates, attorneys, successors and assigns, each completely, unconditionally and forever releases the Former CRO and CRA, and his or their respective employees, agents, affiliates, attorneys, successors and assigns from, and covenants not to sue upon, any and all actions, contested matters, adversary proceedings, causes of action, claims, demands, accountings, liabilities, damages, claims for disgorgement, or obligations, in law and/or equity in any way related to the Former CRO's or CRA's services to the Debtor and any fees the Former CRO or CRA received from the Debtor in connection with those services.

5. The Former CRO, on behalf of himself and as managing director of CRA, and his or their respective officers, directors, employees, agents, affiliates, attorneys, successors and assigns, each completely, unconditionally and forever releases the Trustee, and any successor trustee or other fiduciary appointed as legal representative of the Debtor or its estate, and his or their respective officers, directors, employees, agents, affiliates, attorneys, successors and assigns from, and covenants not to sue upon, any and all actions, contested matters, adversary proceedings, causes of action, claims, demands, accountings, liabilities, damages, or obligations, in law and/or equity in any way related to any fees owed, or claimed to be owed, to the Former CRO and CRA in connection with his or their services to the Debtor.

6. The Parties agree that this Stipulation is intended to provide for a full and final compromise, release, and settlement of all claims, demands, actions, causes of action, and contested matters, known or unknown, suspected or unsuspected, asserted or unasserted, that relate to or specifically arise in connection with the Former CRO's and CRA's services to the Debtor. The Parties also acknowledge that any one of them may discover facts that are different from those now known to them or believed to be true. The Parties assume the risk posed by such different or additional facts and specifically waive all rights any of them may have under section 1542 of the

California Civil Code or under any comparable federal or state statute or rule of law. California Civil Code section 1542 provides as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

7. The Parties have executed this Agreement with the full knowledge that they are forever releasing and extinguishing all unknown and unsuspected claims either of them might have against the other that relate to or specifically arise from the Former CRO's services to the Debtor. **By initialing below, the Parties hereby waive the provisions of section 1542 in connection with the matters that are the subject of the foregoing waivers and releases.**

Trustee   /s/GES            Former CRO   /s/ EJD

8. The Trustee agrees that the proceeds of the Policy are not property of the estate or, in the alternative, that it is appropriate to grant relief from the automatic stay to permit reimbursement of Defense Costs by or on behalf of the Former CRO, and that nothing else in this Stipulation does or is intended to impair advancement of defense costs to the Former CRO. The Trustee expressly does not agree to lift the stay to the extent that any claim for a deductible or other claim by Maxum against the estate related to the Former CRO's claim for advancement of defense costs.

9. Nothing in this Stipulation is intended to waive any rights that the Debtors may have under the Policy, to the extent that any such rights exist.

10. Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client(s).

11. The Parties acknowledge that this Stipulation constitutes the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior agreements, stipulations, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Stipulation.

12. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective successors and representatives, including, without limitation, any trustee or other

4

Case No. 17-06078-MM7

fiduciary hereafter appointed as legal representative of the Debtor or their estates.

13. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which when taken together shall constitute but one and the same Stipulation; and that facsimile, "pdf" format or similar copies of the signed Stipulation shall have the same force and effect as originals thereof.

IT IS SO STIPULATED.

Dated: June 10, 2020  Respectfully Submitted,

**LYNN PINKER HURST & SCHWEGMANN, LLP**

By:  */s/ Edward Jason Dennis*
EDWARD JASON DENNIS
ELIYAHU NESS
Attorneys for Richard Feferman and Corporate Recovery Associates, LLC.

Dated: June 10, 2020  **SLATER & TRUXAW, LLP**

By:  */s/ Gary E. Slater*
GARY E. SLATER
TIMOTHY J. TRUXAW
Attorneys for Chapter 7 Trustee Richard M Kipperman